**Exhibit A**

**Bidding Procedures Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) ) | Chapter 11 |
| **Constellation Enterprises LLC, *et al.*,**[1] | ) ) ) | Case No. 16-11213 (CSS) |
| **Debtors.** | ) ) ) ) | Jointly Administered  Re: D.I. _____ |

## ORDER ESTABLISHING BIDDING
## PROCEDURES AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Bidding Procedures Order") (i) approving the Bidding Procedures by which the Debtors will solicit and select the highest or otherwise best offer for the sale of the Assets; (ii) the Assumption and Assignment Procedures; (iii) approving the form and manner of notice with respect to certain procedures, protections, schedules and agreements; (iv) designating a Stalking Horse Bidder and approving Bid Protections; (v) scheduling (a) the Auction if the Debtors receive two or more timely and acceptable Qualified Bids; and (b) the Sale Hearing to approve one or more Sales of the Assets; and (vi) granting related relief, all as more fully described in the Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that venue of this proceeding and this Motion in this District is proper

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995). The debtors' mailing address is located at 50 Tice Boulevard, Suite 340, Woodcliff Lakes, NJ 07677.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

RLF1 14573569v.3

pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances; and upon the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

I. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicates for the relief granted herein are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, and 6006. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

II. The legal and factual bases set forth in the motion establish just cause for the relief granted herein. Entry of this Bidding Procedures Order is in the best interests of the Debtors and their respective estates, creditors and all other parties-in-interest.

III. The notice of the Motion, the hearing on the Bidding Procedures (the "Bidding Procedures Hearing") and the proposed entry of this Bidding Procedures Order was adequate and sufficient under the circumstances of these chapter 11 cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, no further notice of the Motion, the Bidding Procedures Hearing, or this Bidding Procedures Order is necessary or required.

IV. The Debtors have demonstrated a compelling and sound business justification for the Court to grant the relief requested in the Motion.

V. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the Bidding Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

VI. The Bidding Procedures, substantially in the form attached to the Motion as Exhibit B and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are fair, reasonable and appropriate and represent the best method for maximizing the value of the Debtors' estates.

VII. The Sale Notice, substantially in the form attached to the Motion as Exhibit C, and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale of Assets, including the sale of Assets free and clear of all liens, claims and encumbrances, the Sale Transaction(s), the Bidding Procedures, the Auction and the Sale Hearing, and no other or further notice is required.

VIII. The Assumption and Assignment Procedures are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the potential assumption and assignment of the Designated Contracts in connection with the sale of the Assets and the related Cure Costs, and no other or further notice is required.

IX. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law,

they are adopted as such.  To the extent any conclusions of law are findings of fact, they are adopted as such.

       IT IS HEREBY ORDERED THAT:

       1.      The Motion is GRANTED as set forth herein.[3]

**A.    The Timeline for the Sale**

       2.      The Debtors are authorized to proceed with the Sale Transaction(s) in accordance with the Bidding Procedures and are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance with the following timeline:

| Deadline | Action |
|---|---|
| June 30, 2016 at 5:00 p.m. (ET) | Deadline to submit bids |
| July 1, 2016 at 10:00 a.m. (ET) | Auction (if necessary) |
| July 5, 2016 at 4:00 p.m. (ET) | Deadline to object to the Sale |
| July 7, 2016 at __:__ _.m. (ET) | Hearing on approval of the Sale |

       3.      For the avoidance of doubt, the Debtors reserve the right, and are authorized to, modify the above timeline and the Bidding Procedures (the "Modifications") in accordance with the provisions of the Bidding Procedures; *provided, however*, that the Debtors shall consult with the Consultation Parties with respect to any Modifications.

**B.    The Bidding Procedures**

       4.      The Bidding Procedures are approved in their entirety.  The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance therewith.  The failure to specifically include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

---

[3] Notwithstanding anything to the contrary herein, the consummation of any Sale Transaction(s) is subject to entry of the Sale Order(s).

5. The process and requirements associated with submitting a Qualified Bid are approved as fair, reasonable, appropriate and designed to maximize recoveries for the benefit of the Debtors' estates, creditors and other parties in interest. As further described in the Bidding Procedures, the Bid Deadline shall be June 30, 2016 at 5:00 p.m. (ET). Any disputes or objections to the selection of Qualified Bid(s), Successful Bid(s) or Backup Bid(s) (all as defined in the Bidding Procedures) shall be resolved by this Court at the Sale Hearing as set forth herein.

6. The Debtors are authorized to conduct the Auction in accordance with the Bidding Procedures. The Auction shall take place on July 1, 2016 at 10:00 a.m. (ET) at the offices of co-counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, or at such other place and time as the Debtors shall notify all Qualified Bidders and the Consultation Parties.

**C.    Bidding Protections**

7. [The Bidding Protections set forth in the Stalking Horse Agreement are hereby approved.]

**D.    Notice Procedures**

8. The form of Sale Notice substantially in the form attached to the Motion as Exhibit C is approved.

9. Within three (3) business days after the entry of the Order, or as soon as reasonably practicable thereafter, the Debtors shall serve the Sale Notice, the Bidding Procedures Order and the Bidding Procedures by first-class mail, postage prepaid, or, for those parties who have consented, by ECF, upon (i) all entities reasonably known to have expressed an interest in a transaction with respect to all or part of the Assets within the past two years; (ii) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Assets;

(iii) counsel to the Committee; (iv) counsel to the Roll-up DIP Lenders; (v) counsel to the DIP Lenders; (vi) counsel to the Prepetition DDTL Lenders; and (vii) the U.S. Trustee.

10. In addition, within three (3) business days after the entry of the Bidding Procedures Order or as soon as reasonably practicable thereafter, the Debtors shall serve the Sale Notice by first-class mail, postage prepaid or, for those parties who have consented, by ECF, upon (i) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief granted herein; (ii) the United States Attorney's offices for the District of Delaware and the Southern District of Ohio; (iii) the SEC; (iv) the Internal Revenue Service; (v) all parties entitled to notice pursuant to Local Rule 2002-1(b); and (vi) all known creditors of CSC, including their contract counterparties.  The Debtors request that such notice be deemed sufficient and proper notice of the Sale Transaction with respect to known interested parties.

11. Service of the Sale Notice as described above shall be sufficient and proper notice of the Sale Transaction with respect to known interested parties.

12. As soon as reasonably practicable after the conclusion of the Auction, the Debtors shall file on the docket, but not serve, the Post-Auction Notice identifying any Successful Bidder(s).

**E.    Assumption and Assignment Procedures**

13. The Assumption and Assignment Procedures, as detailed in the Motion and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are approved.

**F.    The Sale Hearing**

14. A Sale Hearing to (i) approve a sale of a portion or substantially all of the Assets to the Successful Bidder(s) and (ii) authorize the assumption and assignment of certain executory

contracts and unexpired leases shall be held on July 7, 2016 at __:__ _.m. (ET), and may be adjourned or rescheduled without notice.  At the Sale Hearing, the Debtors will seek Bankruptcy Court approval of the Successful Bid(s) and the Back-Up Bid(s).  Unless the Bankruptcy Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on matters relating to the Sale Transaction(s) and there will be no further bidding at the Sale Hearing.  In the event that the Successful Bidder(s) cannot or refuses to consummate the Sale(s) because of the breach or failure on the part of such Successful Bidder, the Debtors may, in accordance with the Bidding Procedures, designate the Back-Up Bid to be the new Successful Bid and the Back-Up Bidder to be the new Successful Bidder, and the Debtors shall be authorized, but not required, to consummate the applicable transaction with the Back-Up Bidder without further order of the Bankruptcy Court.

15.     Any and all objections, if any, to any Sale Transaction must be filed no later than July 5, 2016 at 4:00 p.m. (ET) (the "Sale Objection Deadline").  Any and all such objections must be served on the Objection Recipients and counsel to any Successful Bidder(s), if known on the Sale Objection Deadline.  All replies to such objections must be filed by **July 6**, **2016 at 11:59 p.m. (ET)**.

**G.    Other Provisions**

16.     Notwithstanding anything herein or in the Bidding Procedures to the contrary, the Debtors shall not be permitted to modify the consultation rights of the Consultation Parties in the Bidding Procedures absent further order of this Court or the consent of any affected Consultation Parties.

17.     The Debtors are authorized an empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Bidding Procedures Order.

18. This Bidding Procedures Order shall be binding on and inure to the benefit of the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

19. This Bidding Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

20. To the extent any of the deadlines set forth in this Bidding Procedures Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Bidding Procedures Order shall govern.

21. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014 or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

23. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2016
      Wilmington, Delaware

                                                        _____
                                                        THE HONORABLE CHRISTOPHER S. SONTCHI
                                                       UNITED STATES BANKRUPTCY JUDGE