# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CONSTELLATION ENTERPRISES LLC *et al[1].*,<br>Debtors. | Chapter 11<br>Bankr. Case No. 16-11213-CSS<br>Jointly Administered |
| TREVOR MILLER on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBUS STEEL CASTINGS COMPANY, COLUMBUS HOLDINGS, INC., and CONSTELLATION ENTERPRISES LLC,<br><br>Defendants. | Adv. Pro. No. _____ - _____ |

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq.*

Plaintiff Trevor Miller ("Plaintiff") alleges on behalf of himself and a putative class of similarly situated former employees of Columbus Steel Castings Company, Columbus Holdings, Inc., and Constellation Enterprises LLC. ("Debtors" or "Defendants") by way of this Class Action Adversary Proceeding Complaint against Defendants as follows:

## NATURE OF THE ACTION

1. This is a class action for the recovery by Plaintiff Trevor Miller and the other

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995). The Debtors' mailing address is located at 50 Tice Boulevard, Suite 340, Woodcliff Lakes, NJ 07677.

similarly situated employees of Defendants for damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*. (the "WARN Act").

2.Plaintiff was terminated as part of, or as the foreseeable result of, a mass layoff or plant shutdown ordered by Defendants beginning on or about April 29, 2016. As such, Defendants violated the WARN Act by failing to give Plaintiff and other similarly situated employees of Defendants at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, Plaintiff and other similarly situated employees of Defendants are entitled under the WARN Act to recover from Defendants 60 days' wages and ERISA benefits, none of which have been paid.

## JURISDICTION AND VENUE

3.This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 29 U.S.C. § 2104(a)(5).

4.This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

5.Venue is proper in this District pursuant to 28 U.S.C § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

6.Plaintiff Trevor Miller worked as a Shift Manager for Defendants. He worked at one of Defendants' locations at 2211 Parsons Avenue, Columbus, Ohio (the "Columbus" Facility) until his termination on or about May 15, 2016.

7.   On or about April 20, 2016, Defendants notified the Ohio Employment Development Department that it was terminating approximately 799 employees who worked at the Columbus Facility and other facilities.

8.   On or around April 20, 2016, Defendants sent employees a letter notifying them that they should expect to be laid off between June 21 and July 5, 2016.

9.   On April 29, 2016, Mr. Miller was instructed to start terminating employees under his supervision at once.

10.   He and his crew were among the last production employees terminated in the shutdown of the Facilities that began on or about April 29, 2016 and continued until around May 15.

*Defendants*

11.   Upon information and belief, Defendant Columbus Steel Castings Company ("Columbus Steel") is a Delaware corporation with its principal place of business located at 2211 Parsons Avenue, Columbus, Ohio and a test facility at 2130 Parsons Avenue (together, the "Columbus Facility").

12.   Upon information and belief, Defendant Columbus Holdings, Inc., ("Columbus Holdings") the sole equity owner of Columbus Steel is a Delaware corporation with its principal place of business located at 50 Tice Boulevard, Suite 34D, Woodcliff Lakes, New Jersey.

13.   Constellation Enterprises LLC, ("Constellation") is a Delaware corporation that owns Columbus Holdings and Columbus Steel and is also located at 50 Tice Boulevard, Suite 34D, Woodcliff Lakes, New Jersey.

14. Upon information and belief at all relevant times, Defendants owned, maintained and operated their business employing more than 700 employees at its Columbus Facility and other facilities, as that term is defined by the WARN Act (collectively the "Facilities").

15. On May 16, 2016, Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

16. Until his termination by Defendants, Plaintiff and the other similarly situated persons were employees of Defendants who worked at, received assignments from, or reported to one of Defendants' Facilities.

### **FEDERAL WARN ACT CLASS ALLEGATIONS**

17. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, received assignments from, or reported to Defendants' Facilities and were terminated without cause beginning on or about May 9, 2016, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about April 29, 2016 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

18. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

19. Upon information and belief, Defendants employed more than 100 full-time employees who worked at or reported to the Facilities.

20. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

21. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

22. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

(b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

23. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at or reported to Defendants' Facilities and was terminated beginning on or about May 15, 2016, due to the mass layoffs and/or plant closings ordered by Defendants.

24. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

25. On or about May 15, 2016, Defendants terminated Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days advance written notice under the WARN Act.

26. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

27. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

28. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

29. The relief sought in this proceeding is equitable in nature.

## CLAIM FOR RELIEF

### Violation of the Federal WARN Act

29. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

30. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

31. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a)(3), and continued to operate as a business until they decided to order mass layoffs or plant closings at the Facilities.

32. Beginning on or about May 15, 2016, Defendants ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2) and 20 C.F.R. § 639.3(i)

33. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

34. Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

35. Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

36. Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

37. Defendants failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

38. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

39. Defendants failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued vacation and personal time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. An allowed wage priority claim for up to $12,475 of the WARN Act claims of Plaintiff and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A) or, in the alternative a first priority administrative expense claim against Defendants pursuant

to 11 U.S.C. § 503(b)(1)(A)(ii) in favor of Plaintiff and the other similarly situated former employees equal to those sums;

E. Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act; and

F. Such other and further relief as this Court may deem just and proper.

Dated: June 2, 2016

Respectfully submitted,

By: /s/Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: jar@outtengolden.com
rsr@outtengolden.com

*Attorneys for the Plaintiff and the putative class*