# EXHIBIT B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| **In re:** | ) ) | **Chapter 11** |
| **Constellation Enterprises LLC** *et al.*,[1] | ) ) ) | **Case No. 16-11213 (CSS)** |
| **Debtors.** | ) ) ) ) | **Jointly Administered** Re: Docket Nos. 7, 38 & _____ |

**FINAL ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS
TO PAY CERTAIN PREPETITION (I) WAGES, SALARIES AND OTHER
COMPENSATION, (II) REIMBURSABLE EMPLOYEE EXPENSES,
AND (III) EMPLOYEE MEDICAL AND SIMILAR BENEFITS;
AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR
ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in- possession (collectively, the "Debtors") for entry of an order (the "Order") (a) authorizing, but not directing, the Debtors to pay in the ordinary course of business certain prepetition (i) wages, salaries and other compensation, (ii) reimbursable employee expenses, and (iii) employee benefits; and (b) authorizing financial institutions to receive, process, honor and pay all checks presented for payment and electronic payment requests relating thereto; and upon the Stallkamp Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that failure to grant the relief requested in the Motion immediately will cause immediate and irreparable harm to the Debtors; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are:  Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995).  The debtors' mailing address is located at 50 Tice Boulevard, Suite 340, Woodcliff Lakes, NJ  07677.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

RLF1 14631438v.1

this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and it appearing that venue of this proceeding and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

1. The Motion is GRANTED as set forth herein.

2. Subject to the requirements of sections 507(a)(4) and (a)(5) and pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not required, to satisfy all prepetition amounts relating to the Employee Compensation Obligations without further order of the Court. Amounts paid pursuant to this Motion shall not exceed $2,500,060.79 in the aggregate absent further order of the Court.

3. Subject to the requirements of sections 507(a)(4) and (a)(5) and pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not required, to satisfy all prepetition obligations relating to the Employee Benefits Programs without further order of the Court. Amounts paid pursuant to this Motion shall not exceed $1,110,911.36 in the aggregate absent further order of the Court.

4. The Debtors are authorized, but not required, to make the owing contribution to the Steelworkers Pension in the amount of $21,000.00.

5. The Debtors are authorized~~, upon consultation with the DIP Lenders,~~ but not required, to pay to the Employees all reimbursable expenses accrued and owed in an amount not to exceed $34,523.80.

6. The Debtors shall not pay any Employee or Independent Contractor more than $12,475.00 on account of prepetition Employee Compensation Obligations or paid leave that is

accrued and unpaid as of the Petition Date with respect to any one Employee or one Independent Contractor.

7. No payments authorized by this Order shall be made in excess of the amounts permitted by sections 507(a)(4) and (a)(5) of the Bankruptcy Code

8. The Debtors are authorized, but not required, to continue to honor all practices, programs, and policies with respect to the Employees as such practices, programs, and policies were in effect as of the date on which the Chapter 11 Cases were commenced and as may be modified in the ordinary course of the Debtors' business, including, but not limited to, the Employee Benefits Programs.

9. The Debtors are authorized, but not required, to pay costs and expenses incidental to the payment of the Employee Wages and Benefits, including all administration and processing costs and payments to outside professionals, in the ordinary course of business, in order to facilitate the administration and maintenance of the Debtors' programs and policies related to the Employee Wages and Benefits.

10. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in respect of prepetition amounts owed to the Employees and Independent Contractors that are dishonored as a consequence of these Chapter 11 Cases and to the extent such prepetition amounts are authorized to be paid pursuant to this Order.

11. All applicable banks and other financial institutions are authorized, subject to the terms of this Order, at the Debtors' instruction, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic transfers requested or to be requested by the Debtors relating to this Order, whether presented prior to or after the Petition Date;

provided, however, no bank or other financial institution shall incur any liability for relying upon the Debtors' instructions unless such bank's or financial institution's actions constituted gross negligence, fraudulence or willful misconduct.

~~12.    Notwithstanding anything to the contrary contained in the Motion or the relief granted in this Order, any payment to be made, or authorization contained, hereunder, shall be subject to the requirements imposed on the Debtors pursuant to the debtor in possession lending facility approved in the *Interim Order (A) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Adequate Protection to the Adequate Protection Parties, (D) Scheduling a Final Hearing, and (E) Granting Related Relief*, or any related final order, as the same may be amended, modified, or supplemented in accordance with its terms, and in each case subject to any budget (with permitted variances) approved by the DIP Lenders in connection therewith.~~

<u>12.</u>    ~~13.~~Nothing in the Motion or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' rights or any other parties' rights to dispute any claim, or (c) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

<u>13.</u>    ~~14.~~The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14.     ~~15.~~ The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2016
     Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE