IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Constellation Enterprises LLC, *et al.*,[1] | ) Case No. 16-11213 (CSS |
| Debtors. | ) Jointly Administered |
| | ) Re: Docket No. 8 |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO CONTINUE USE
OF CASH MANAGEMENT SYSTEM, BANK ACCOUNTS AND
BUSINESS FORMS AND (II) EXTENDING THE DEBTORS' TIME
TO COMPLY WITH SECTION 345 OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for the entry of an order (this "Order") (i) authorizing the Debtors to continue using their Cash Management System, bank accounts and business forms, (ii) authorizing the Debtors to open new debtor-in-possession accounts in their sole discretion, and (iii) extending the Debtors' time period in which to come into compliance with the requirements of section 345(b) of the Bankruptcy Code; and upon the Stallkamp Declaration; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (c) notice of the Motion was sufficient under the circumstances and that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995). The debtors' mailing address is located at 50 Tice Boulevard, Suite 340, Woodcliff Lakes, NJ 07677.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

RLF1 14639063v.1

interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED as set forth herein.

2.  The Debtors are authorized, but not directed, to continue using the Cash Management System as described in the Motion.

3.  The Debtors are authorized to continue to use, with the same account numbers, the bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit 1 attached hereto (the "Bank Accounts").

4.  The Debtors are authorized to treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession.

5.  The Debtors are authorized to use, in their present form, all correspondence and business forms (including, without limitation, letterhead, purchase orders and invoices), and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to their status as debtors-in-possession.

6.  The Debtors' Cash Management Banks are hereby authorized and directed to receive, process, honor and pay any and all checks evidencing amounts paid by the Debtors pursuant to the Motion, whether presented prior to or after the Petition Date, but only to the extent provided for by separate order of this Court or in connection with any amounts expressly authorized to be paid by this Order; provided, however, none of the Debtors' Cash Management Banks shall incur any liability for relying upon the Debtors' instructions unless such Cash Management Bank's actions constituted gross negligence, fraudulence or willful misconduct.

RLF1 14639063v.1

7. The Debtors' Cash Management Banks are authorized, subject to the terms of this Order, to debit the Debtors' accounts in the ordinary course of business on account of the relief requested in the Motion without the need for further order of the Court for all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the cash management systems, including processing charges related to any credit or debit card transactions.

8. Any Cash Management Bank may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and such Cash Management Bank shall not have any liability to any party for relying on such representations by the Debtors unless such Cash Management Bank's actions constituted gross negligence, fraudulence or willful misconduct.

9. The Cash Management Banks are authorized to charge, and the Debtors are authorized to pay, honor or allow, prepetition and postpetition fees, costs, charges and expenses (the "Bank Fees"), and charge back returned items to the Bank Accounts in the ordinary course.

10. No liens on any of the Bank Accounts granted to any creditors shall take priority over the Bank Fees of the respective Cash Management Bank at which the account is located.

11. The Debtors are authorized to open any new bank accounts or close any existing bank accounts as they may deem necessary and appropriate in their sole discretion; provided that the Debtors give notice to the U.S. Trustee and any official committees appointed in these Chapter 11 Cases prior to opening or closing a Bank Account provided, further, that the Debtors shall open such new bank account(s) at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee, or at such banks that are willing to immediately execute such an agreement.

RLF1 14639063v.1

12. The Debtors shall continue to maintain records related to the intercompany balances, so that transactions can be ascertained, traced and accounted for on applicable intercompany accounts.

13. For banks at which the Debtors hold accounts that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days from the date of entry of this Order, the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers, and (c) identify each of their accounts held at such banks as being held by a debtor in possession.

14. The Debtors are granted an additional thirty (30) days from the Petition Date to come into compliance with section 345 of the Bankruptcy Code. Prior to the expiration of such period, the Debtors reserve their right to seek an extension of such period.

15. The Cash Management Banks are authorized to pay obligations in accordance with this or any separate order of this Court.

16. As soon as practicable after the entry of this Order, the Debtors shall serve a copy of this Order on the Cash Management Banks.

17. Rule 6003 of the Federal Rules of Bankruptcy Procedure has been satisfied.

18. Notwithstanding the possible applicability of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. Nothing in the Motion or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against any of the Debtors; (b) a waiver of the Debtors' or any other

RLF1 14639063v.1

parties' rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to the section 365 of the Bankruptcy Code.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

21. Notwithstanding the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

22. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____June 13_____, 2016
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE