IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Constellation Enterprises LLC, *et al.*,[1] | Case No. 16-11213 (CSS) |
| Debtors. | Jointly Administered |
|  | Re: Docket Nos. 6, 37 &  214 |

**FINAL ORDER (A) AUTHORIZING DEBTORS TO CONTINUE PREPETITION
INSURANCE COVERAGE AND (B) AUTHORIZING FINANCIAL
INSTITUTIONS TO HONOR RELATED CHECKS
AND ELECTRONIC PAYMENT REQUESTS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in- possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to continue insurance coverage entered into prepetition and (b) authorizing banks and other financial institutions to receive, process, honor and pay checks presented for payment and electronic payment requests related thereto; and upon the Stallkamp Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that failure to grant the relief requested in the Motion immediately will cause immediate and irreparable harm to the Debtors; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995). The debtors' mailing address is located at 50 Tice Boulevard, Suite 340, Woodcliff Lakes, NJ 07677.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

RLF1 14631288v.1

and the opportunity for a hearing on this Motion was appropriate under the particular circumstances; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to continue in place, and honor the terms of, the Debtors' insurance policies (collectively, the "Policies").

3. The Debtors are authorized, but not directed, to pay prepetition claims, including in connection with any premiums for the Policies, known and unknown Workers' Compensation Claims in accordance with the Workers' Compensation Policy, and premiums for the Workers' Compensation Policy, in an amount not to exceed, in the aggregate, $8,000.00, unless otherwise ordered by the Court.

4. Notwithstanding anything to the contrary in the premium financing agreements underlying the Financed Policies (each a "PFA" and collectively, the "PFAs"), in the event the Debtors default under the terms of a PFA, the financer shall not cancel any of the Financed Policies without first providing (i) notice of such default in writing by overnight mail to the Debtors and their bankruptcy counsel and (ii) at least five (5) business days to cure such default. If the Debtors fail to cure the default within that time, then the financer may, in accordance with the terms of the applicable PFA, and without further order of this Court, exercise any and all of its rights under the PFA.

5. Notwithstanding anything to the contrary in any of the PFAs, the Debtors' filing of the Chapter 11 Cases shall not constitute a default under any of the PFAs.

6. The automatic stay under section 362(d) is modified to allow the Debtors' employees to file Workers' Compensation Claims consistent with the Workers' Compensation Policy.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

9. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. All applicable banks and other financial institutions are authorized, subject to the terms of this Order, at the Debtors' instruction, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic transfers requested or to be requested by the Debtors relating to this Order, whether presented prior to or after the Petition Date; provided, however, no bank or other financial institution shall incur any liability for relying upon the Debtors' instructions unless such bank's or financial institution's actions constituted gross negligence, fraudulence or willful misconduct.

11. Nothing in the Motion or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission of the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any other parties' rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____Jun 14_____, 2016
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

4