**ORIGINAL**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Constellation Enterprises LLC, *et al.*,[1] | ) Case No. 16-11213 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Re: D.I. 87 & _226_ |

### ORDER ESTABLISHING BIDDING
### PROCEDURES AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Bidding Procedures Order") (i) approving the procedures by which the Debtors will solicit and select the highest or otherwise best offer for the sale of the Assets (the "Bidding Procedures"); (ii) approving the Assumption and Assignment Procedures; (iii) approving the form and manner of notice with respect to certain procedures, protections, schedules and agreements; (iv) approving the designation of a Stalking Horse Bidder and Bid Protections (a) by consensual order filed under certification of counsel or (b) at an expedited hearing (the "Stalking Horse Hearing"); (v) scheduling (a) an Auction if the Debtors receive two or more timely and acceptable Qualified Bids; and (b) the Sale Hearing to approve one or more Sales of the Assets; and (vi) granting related relief, all as more fully described in the Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995). The debtors' mailing address is located at 50 Tice Boulevard, Suite 340, Woodcliff Lakes, NJ 07677.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this

Motion is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that venue of this

proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and notice of this Motion and the opportunity for a hearing on this Motion was appropriate under

the particular circumstances; and upon the record of the hearing and all proceedings had before

the Court; and the Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtors' estates, their creditors and other parties in interest and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and any objections to the requested relief having been withdrawn or overruled on the merits; and

after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

I.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The predicates for the relief

granted herein are Bankruptcy Code sections 105, 363 and 365 and Bankruptcy Rules 2002,

6004, and 6006.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

II.       The legal and factual bases set forth in the Motion establish just cause for the

relief granted herein.  Entry of this Bidding Procedures Order is in the best interests of the

Debtors and their respective estates, creditors and all other parties-in-interest.

III.      The notice of the Motion, the Bidding Procedures, the hearing on the Bidding

Procedures (the "Bidding Procedures Hearing") and the proposed entry of this Bidding

Procedures Order was adequate and sufficient under the circumstances of these chapter 11 cases,

and such notice complied with all applicable requirements of the Bankruptcy Code, the

RLF1 14645858v.1

Bankruptcy Rules and the Local Rules.  Accordingly, no further notice of the Motion, the Bidding Procedures Hearing or this Bidding Procedures Order is necessary or required.

IV.    The Debtors have demonstrated a compelling and sound business justification for the Court to grant the relief requested in the Motion.

V.    All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the Bidding Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

VI.    The Bidding Procedures, substantially in the form attached hereto as Exhibit 1 and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are fair, reasonable and appropriate and represent the best method for maximizing the value of the Debtors' estates.

VII.    The Sale Notice, substantially in the form attached hereto as Exhibit 2, and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale of Assets, including the sale of Assets free and clear of all liens, claims and encumbrances, the Sale Transaction(s), the Bidding Procedures, the Auction and the Sale Hearing, and no other or further notice is required.

VIII.    The Assumption and Assignment Procedures are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the potential assumption and assignment of the Designated Contracts in connection with the sale of the Assets and the related Cure Costs, and no other or further notice is required.

IX.    The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable

RLF1 14645858v.1

pursuant to Bankruptcy Rule 9014.  To the extent any findings of facts are conclusions of law, they are adopted as such.  To the extent any conclusions of law are findings of fact, they are adopted as such.

IT IS HEREBY ORDERED THAT:

1.        The Motion is GRANTED as set forth herein.[3]

**A.        The Timeline for the Sale**

2.        The Debtors are authorized to proceed with the Sale Transaction(s) in accordance with the Bidding Procedures and are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance with the following timeline:

| Deadline | Action |
|---|---|
| July 1, 2016 | Date by which Debtor may Designate Stalking Horse Bidder and Enter into Stalking Horse Agreement |
| July 11, 2016 at 5:00 p.m. (prevailing Eastern Time) | Deadline to submit bids |
| July 14, 2016 at 10:00 a.m. (prevailing Eastern Time) | Auction (if necessary) |
| July 18, 2016 at 4:00 p.m. (prevailing Eastern Time) | Deadline to object to the Sale to the Successful Bidder, including adequate assurance of future performance |
| July _22_, 2016 at _11_ : _00_ _a_.m. (prevailing Eastern Time) | Hearing on approval of the Sale to the Successful Bidder |
| August 22, 2016 at 5:00 p.m. (prevailing Eastern Time) | Outside Closing Date |

3.        For the avoidance of doubt, the Debtors reserve the right, and are authorized to, modify the above timeline and the Bidding Procedures (the "Modifications") in accordance with

---

[3] Notwithstanding anything to the contrary herein, the consummation of any Sale Transaction(s) is subject to entry of the Sale Order(s).

the provisions of the Bidding Procedures; *provided, however,* that the Debtors shall consult with the Consultation Parties with respect to any Modifications.

**B.      The Bidding Procedures**

4.      The Bidding Procedures are approved in their entirety.   The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance therewith.   The failure to specifically include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

5.      The process and requirements associated with submitting a Qualified Bid are approved as fair, reasonable, appropriate and designed to maximize recoveries for the benefit of the Debtors' estates, creditors and other parties in interest.   As further described in the Bidding Procedures, the Bid Deadline shall be July 11, 2016 at 5:00 p.m. (prevailing Eastern Time).   Any disputes or objections to the selection of Qualified Bid(s), Successful Bid(s) or Backup Bid(s) (all as defined in the Bidding Procedures) shall be resolved by this Court at the Sale Hearing as set forth herein.

6.      The Debtors are authorized to conduct the Auction in accordance with the Bidding Procedures.   The Auction shall take place on July 14, 2016 at 10:00 a.m. (prevailing Eastern Time) at the offices of co-counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, or at such other place and time as the Debtors shall notify all Qualified Bidders and the Consultation Parties.

RLF1 14645858v.1

C.    **The Stalking Horse Bidder, Related Bidding Protections and the Purchase Agreement**

7.    In accordance with the Bidding Procedures, at any time before July 1, 2016, the Debtors may enter into a Stalking Horse Agreement, subject to higher or otherwise better offers at the Auction, with any potential bidder, to establish a minimum Qualified Bid at the Auction.

8.    The Stalking Horse Agreement may contain certain customary terms and conditions, including expense reimbursement and/or a break-up fee in favor of the Stalking Horse Bidder (the "Bid Protections") in amounts to be determined by the Debtors, in consultation with the Consultation Parties, but not to exceed, in the aggregate, three percent (3%) of the proposed purchase price for the Assets.

9.    To the extent the Debtors enter into a Stalking Horse Agreement providing for Bid Protections in an amount not exceeding, in the aggregate, three percent (3%) of the proposed purchase price for the Assets, the Debtors are authorized, provided that they obtain the consent of the Consultation Parties and the U.S. Trustee (which consent may be withheld), to submit an order to the Bankruptcy Court under certification of counsel that approves such Bid Protections (the "Stalking Horse Order").  In the event that the Consultation Parties and the U.S. Trustee do not each consent to the Debtors' entry into the Stalking Horse Agreement, the proposed Bid Protections and the form of Stalking Horse Order, the Debtors are authorized to file a notice seeking an expedited hearing on not less than seven calendar days' (7-days') notice on approval of entry into the Stalking Horse Agreement and any Bid Protections included therein.  All parties in interest have the right at the Stalking Horse Hearing to object to the designation of the Stalking Horse Bidder, the provision of Bid Protections to such Stalking Horse Bidder and the terms and conditions under which such Bid Protections would be payable to the Stalking Horse Bidder.  Other than as provided by order of the Bankruptcy Court, no party submitting a Bid

6

shall be entitled to a break-up fee or expense reimbursement except for the Bid Protections for any Stalking Horse Bidder that are ultimately approved by a separate order of the Bankruptcy Court.

10.     If the Debtors enter into a Stalking Horse Agreement, within one (1) calendar day of the selection by the Debtors of a Stalking Horse Bidder, the Debtors shall serve notice of the Stalking Horse Agreement on all parties on the Debtors' Rule 2002 Notice List, including the Consultation Parties, all parties reasonably known to have expressed an interest in a transaction with respect to all or a portion of the Assets within the past two (2) years, and all parties holding liens on the Assets (each, a "Stalking Horse Notice"). Each Stalking Horse Notice shall include (i) the identity of the proposed Stalking Horse Bidder, (ii) a summary of the key terms of the Stalking Horse Agreement, (iii) a summary of the type and amount of Bid Protections, if any, proposed to be afforded to the Stalking Horse Bidder, and (iv) a correct and complete copy of the Stalking Horse Agreement.

**D.     Notice Procedures**

11.     The form of Sale Notice substantially in the form attached hereto as Exhibit 2 is approved.

12.     Within three (3) business days after the entry of the Order, or as soon as reasonably practicable thereafter, the Debtors shall serve the Sale Notice, the Bidding Procedures Order and the Bidding Procedures by first-class mail, postage prepaid, or, for those parties who have consented, by ECF, upon (i) all entities reasonably known to have expressed an interest in a transaction with respect to all or a portion of the Assets within the past two (2) years; (ii) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Assets; (iii) counsel to the Committee; (iv) counsel to the Roll-up DIP Lenders; (v) counsel to the DIP Lenders; (vi) counsel to the Prepetition DDTL Lenders; and (vii) the U.S. Trustee.

7

RLF1 14645858v.1

13.     In addition, within three (3) business days after the entry of the Bidding Procedures Order or as soon as reasonably practicable thereafter, the Debtors shall serve the Sale Notice by first-class mail, postage prepaid or, for those parties who have consented, by ECF, upon (i) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief granted herein; (ii) the United States Attorney's offices for the District of Delaware and the Southern District of Ohio; (iii) the SEC; (iv) the Internal Revenue Service; (v) all parties entitled to notice pursuant to Local Rule 2002-1(b); and (vi) all known creditors of CSC, including their contract counterparties.  The Debtors request that such notice be deemed sufficient and proper notice of the Sale Transaction with respect to known interested parties.

14.     Service of the Sale Notice as described above shall be sufficient and proper notice of the Sale Transaction with respect to known interested parties.

15.     As soon as reasonably practicable after the conclusion of the Auction, the Debtors shall file on the docket, but not serve, the Post-Auction Notice identifying any Successful Bidder(s).

**E.      Assumption and Assignment Procedures**

16.     The Assumption and Assignment Procedures, as detailed in the Motion and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are approved as modified herein.

**F.      The Sale Hearing**

17.     A Sale Hearing to (i) approve a sale of a portion or substantially all of the Assets to the Successful Bidder(s) and (ii) authorize the assumption and assignment of certain executory contracts and unexpired leases shall be held on July __22__, 2016 at __11__ : __00__ _a_.m. (prevailing Eastern Time), and may be adjourned or rescheduled without notice.  At the Sale Hearing, the

8

Debtors will seek Bankruptcy Court approval of the Successful Bid(s) and the Back-Up Bid(s). Unless the Bankruptcy Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on matters relating to the Sale Transaction(s) and there will be no further bidding at the Sale Hearing.  In the event that the Successful Bidder(s) cannot or refuses to consummate the Sale(s) because of the breach or failure on the part of such Successful Bidder, the Debtors may, in accordance with the Bidding Procedures, designate the Back-Up Bid to be the new Successful Bid and the Back-Up Bidder to be the new Successful Bidder, and the Debtors shall be authorized, but not required, to consummate the applicable transaction with the Back-Up Bidder without further order of the Bankruptcy Court.

18.     Any and all objections, if any, to any Sale Transaction must be filed no later than July 18, 2016 at 4:00 p.m. (prevailing Eastern Time) (the "Sale Objection Deadline").  Any and all such objections must be served on the Objection Recipients and counsel to any Successful Bidder(s).  All replies to such objections must be filed by July _21_, 2016 at 11:59 p.m. (prevailing Eastern Time).

**G.     Other Provisions**

19.     Resolution of Humtown Objection [Docket No. 176] (the "Humtown Objection"). Nothing in this Order or the Bidding Procedures shall preclude Humtown Pattern Co. d/b/a Humtown Products ("Humtown") from submitting a Bid by the Bid Deadline that contemplates a credit bid up to the full amount of the debt that Humtown alleges is owed to it by CSC as set forth in the Humtown Objection; provided; however, that such credit bid shall be subject to section 363(k) of the Bankruptcy Code; provided, further, that the Debtors and all parties-in-interest shall have the right, consistent with the Bidding Procedures, to object to such credit bid on any and all grounds (other than that a credit bid is precluded by this Order and/or the Bidding Procedures); provided, further, the Debtors shall advise Humtown at least five (5) business days

9

prior to the Bid Deadline if they disagree with amount of indebtedness Humtown claims it is owed as set forth in the Objection and will work in good faith to resolve any dispute prior to the Bid Deadline.

20.     Notwithstanding anything herein or in the Bidding Procedures to the contrary, the Debtors shall not be permitted to modify the consultation rights of the Consultation Parties in the Bidding Procedures absent further order of this Court or the consent of any affected Consultation Parties.

21.     The Debtors are authorized and empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Bidding Procedures Order.

22.     This Bidding Procedures Order shall be binding on and inure to the benefit of the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

23.     This Bidding Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

24.     To the extent any of the deadlines set forth in this Bidding Procedures Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Bidding Procedures Order shall govern.

25.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014 or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

26.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

RLF1 14645858v.1

27.    The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: June _15_, 2016
        Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

11

RLF1 14645858v.1