IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| **Constellation Enterprises LLC**, *et al.*,[1] ) | Case No. 16-11213 (CSS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Re: Docket No. 11, 42 & 247 |

## FINAL ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") (a) determining that the Utility Providers[2] have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code by the Debtors' establishment of the Utility Deposit Account; (b) approving the Debtors' proposed procedures whereby Utility Providers may request additional or different adequate assurance; (c) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding and on account of any perceived inadequacy of the Debtors' proposed adequate assurance; and (d) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by the Motion; and upon the Stallkamp Declaration; the Court having entered the *Interim Order Determining Adequate Assurance of Payment for Future Utility Services* [Docket No. 42] (the "Interim Order"), dated May 18, 2016, and the *Final Order Determining Adequate Assurance of Payment for Future Utility Services* [Docket No. 247], dated

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Constellation Enterprises LLC (9571); Columbus Steel Castings Company (8153); The Jorgensen Forge Corporation (1717); Eclipse Manufacturing Co. (1493); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Columbus Holdings Inc. (8155); Zero Corporation (0538); JFC Holding Corporation (0312); and Steel Forming, Inc. (4995). The debtors' mailing address is 50 Tice Boulevard, Suite 340, Woodcliff Lakes, NJ 07677.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

RLF1 14663129v.1

June 14, 2016; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that failure to grant the relief requested in the Motion immediately will cause immediate and irreparable harm to the Debtors; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED as set forth herein on a final basis as to each of the Utility Providers; provided, however, that the terms of this Order are modified as to Ohio Edison Company and Ohio Power Company d/b/a American Electric Power (collectively, the "Objecting Utility Providers") in accordance with those certain letter agreements between the Objecting Utility Providers and the Debtors.

2. On or before twenty (20) days after the Petition Date, the Debtors shall deposit $217,000.00 (the "Utility Deposit") into a newly created, segregated, interest-bearing account (the "Utility Deposit Account"), for the purpose of providing each Utility Provider adequate assurance of payment of its postpetition utility services to the Debtors. The Utility Deposit, including the amount to be utilized for the Columbus Factory Expenses, is hereby deemed adequate assurance of future payment of utility services with respect to each of the Utility Providers listed on Exhibit 1 hereto subject to any Requests (as defined below) that are pending on the date hereof.

3. Except in accordance with the procedures set forth below, the Utility Providers are prohibited from (a) altering, refusing or discontinuing service to, or discriminating against, the Debtors solely on the basis of the commencement of these cases or on account of any unpaid invoice for services provided before the date of commencement of these cases, and (b) requiring the payment of a deposit or other security in connection with the Utility Providers' continued provision to the Debtors of utility services, including, but not limited to, the furnishing of gas, heat, electricity, water, telephone service or any other utility of like kind.

4. Absent further order of the Court, if a Utility Provider is not satisfied with the assurance of payment provided under this Order, the Utility Provider must serve a written request (each, a "Request") for additional assurance of payment, which Request must be served upon the following parties: (i) the Debtors, 50 Tice Boulevard, Suite 340, Woodcliff Lakes, NJ 07677, Att.: Donald S. MacKenzie; (ii) counsel to the Debtors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn.: Adam C. Rogoff, Esq.; (iii) co-counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn.: Daniel J DeFranceschi, Esq. The Request must set forth the location(s) for which utility services are provided, the account number(s) for such location(s), and the outstanding balance for each account.

5. Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving a Request, if the Debtors determine that the Request is reasonable or if the parties negotiate alternate consensual provisions.

6. If the Debtors are unable to consensually resolve a Request, the Debtors shall file a Determination Motion within thirty (30) days after receipt of the Request seeking a

determination from the Court that the Utility Deposit Account constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the Request may not alter, refuse or discontinue services to the Debtors nor recover or set off against a prepetition deposit.

7. The Debtors shall have the right to withdraw funds from the Utility Deposit Account to the extent such funds were deposited on account of a Utility Provider that is subsequently determined to not be included on the Utility Service List or to the extent a Request is properly served by a Utility Provider and any settlement results in such Utility Provider's removal from the Utility Services List, provided that the Utility Provider agrees that it has been paid in full or, if the Utility Provider does not agree that it has been paid in full, upon further order of the Court.

8. The Debtors may supplement the list of Utility Providers on <u>Exhibit 1</u> at any time. Any subsequently identified Utility Provider set forth on a supplemental exhibit will fall within the scope of this Order from the date of the filing of the supplemental exhibit. Any Utility Provider included on a supplemental exhibit shall be served with notice and a copy of this Order within five (5) business days after the supplemental exhibit is filed with the Court and the Debtors shall deposit an amount equal to 50% of the average monthly charge for such added Utility Provider. Any Request made by such Utility Provider must comply with the requirements of this Order.

9. Nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 366 of the Bankruptcy Code or other applicable law, and nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to section 365 of

4

the Bankruptcy Code, nor shall anything herein be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

10. Nothing in the Motion or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights or any other parties' rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

11. To resolve the *Objection of CIMA Energy Ltd. to Debtors' Motion for Entry of Interim and Final Order Determining Adequate Assurance of Payment for Future Utility Services* [Docket No. 183] filed by CIMA Energy Ltd. ("CIMA"), the Debtors have agreed to remove CIMA from the Utility Providers List so that CIMA is not subject to this Final Order and is not deemed a "utility" as that term is used in section 366 of the Bankruptcy Code, and CIMA will continue to provide natural gas to Debtor Zero Manufacturing, Inc. through and including June 30, 2016 pursuant to that certain master agreement entitled Base Contract for Sale and Purchase of Natural Gas and the transaction confirmation dated April 24, 2015.

12. Notwithstanding anything in this Order to the contrary, $100,000 of the Utility Deposit in the Utility Deposit Account (the "Champion Deposit") shall be reserved for the benefit of Champion Energy Services, LLC ("Champion") and such amount shall be deemed to constitute adequate assurance of payment by the Debtors for future utility services from Champion; provided, however, that nothing in this Order shall preclude Champion from seeking additional adequate assurance of payment in the event (i) that Champion's bill for utility services provided to the Debtors for June 2016 exceeds the amount of the Champion Deposit and/or (ii)

of changed circumstances, including, without limitation, an increase in the amount of utility services that Champion provides to the Debtors.

13. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

14. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief set forth in this final order is necessary to avoid immediate and irreparable harm.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

17. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: ___June 20___, 2016
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 14663129v.1