## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **Constellation Enterprises LLC** *et al.*,[1] | ) | **Case No. 16-11213 (CSS)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC
## DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Constellation Enterprises LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements") with the United States Bankruptcy Court for the District of Delaware (the "Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These global notes, methodology, and specific disclosures regarding the Debtors' Schedules and Statements (these "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. These Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are:  Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995).  The debtors' mailing address is located at 50 Tice Boulevard, Suite 340, Woodcliff Lakes, NJ  07677.

for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

<strong><u>Global Notes and Overview of Methodology</u></strong>

1. **<u>Reservation of Rights</u>**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("<u>Claim</u>") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the respective Debtor against which the Claim is listed or against any of the Debtors.   Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' Chapter 11 Cases (defined herein), including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation or rights contained elsewhere in these Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2. **<u>Description of Cases and "As Of" Information Date</u>**.  On May 16, 2016 and May 17, 2016 (together, the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby commencing the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 44].   The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On May 25, 2016, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors.

2

The asset and liability information provided in the Schedules represents the asset and liability data of the Debtors as of the close of business on May 15, 2016 except as otherwise noted.

3. **Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of May 15, 2016.  Additionally, because the book values of certain assets such as licenses and permits may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date, to the extent applicable.  Furthermore, assets that have been fully depreciated or were expensed for accounting purposes may not appear in these Schedules and Statements as they have no net book value.  Given, among other things, the current market valuation of certain assets and the valuation nature of certain liabilities, nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date.

4. **Recharacterization**.  Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5. **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6. **Guarantees and Other Secondary Liability Claims**.  The Debtors have made reasonable efforts to locate and identify guarantees and secondary liability Claims (collectively, "Guarantees") in each of the executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements to which any Debtor is a party.  Where Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or

3

Debtors affected by such Guarantee. Guarantees were listed on Schedule D or Schedule F for each guarantor, except to the extent they are associated with obligations under an executory contract or unexpired lease identified on Schedule G. In addition, the Debtors have listed Guarantees on Schedule H for both the primary obligor and the other Debtor guarantors of the relevant obligation. It is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve their rights to amend the Schedules to the extent that additional Guarantees are identified or such Guarantees are discovered to have expired or be unenforceable.

7.  **Excluded Assets and Liabilities**. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

    The Court has authorized the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis. Prepetition liabilities which have been paid postpetition or those which the Debtors plan to pay via this authorization may have been excluded from the Schedules and Statements.

8.  **Insiders**. For purposes of the Schedules and Statements, the Debtors defined "insiders" in accordance with section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules and Statements, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (i) any insider's influence over the control of the Debtors; (ii) the management responsibilities or functions of any such insider; (iii) the decision making or corporate authority of any such insider; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

9.  **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or a waiver of any rights with respect to such intellectual property. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made reasonable efforts to attribute intellectual property to the rightful Debtor owner, however, in some instances intellectual property owned by one Debtor may, in fact, be owned by another Debtor or a wholly-owned non-Debtor affiliate.[2] Accordingly,

---

[2] The Debtors' non-Debtor affiliates consist of Zero Casts (UK) Limited (inactive) and Zero Cases Europe, Ltd.

the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

10. **Executory Contracts**.  Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

11. **Classifications**.  Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E as "priority," (c) a Claim on Schedule F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

12. **Claims Description**.  Schedules D, E, and F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated."  Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

13. **Causes of Action**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

14. **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

RLF1 14671568v.1

- <u>Undetermined Amounts</u>. The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

- <u>Totals</u>. Except as otherwise noted herein, all totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total, and the difference may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

- <u>Paid Claims</u>. The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Court. Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made pursuant to such orders. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

- <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment, unless otherwise noted.

15. **<u>Currency</u>**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

16. **<u>Intercompany</u>**. Certain intercompany accounts are set forth on Schedule F or Schedule A/B, as applicable. Certain intercompany transfers, including Intercompany Claims (as defined below) among Debtors and non-Debtor affiliates are set forth on Statement 4. The Debtors are continuing to review the accounting treatment for intercompany receivables and reserve all rights with respect to the treatment or characterization of such items.

17. **<u>Setoffs</u>**. The Debtors periodically incur certain setoffs in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, refunds, and other disputes between the Debtors and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have

been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

18. **Employee Addresses**.  The Debtors have attempted to list each of their current employees' addresses as the Debtors' corporate address where reasonably possible to protect the privacy of the Debtors' employees.  The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees.

19. **Global Notes Control**.  In the event that the information in the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

## Specific Disclosures with Respect to the Debtors' Schedules

**Schedules A/B**.

**Part 1**.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Continue Use of Cash Management System, Bank Accounts and Business Forms and (II) Extending the Debtors' Time to Comply with Section 345 of the Bankruptcy Code* [Docket No. 8].  The bank account balances listed are as of the Debtor's respective Petition Date.

**Part 2**.  The Court entered a final order granting the *Debtors' Motion for Entry of Interim and Final Orders Determining Adequate Assurance of Payment of Future Utility Services* [Docket No. 11], which authorized the Debtors to provide adequate assurance of payment for future utility services, including an initial deposit in the amount of $217,000 [Docket No. 276] (the "Utility Order").  Such deposit is not listed on Schedule A/B, which is presented as of the Petition Date.

Additional information regarding the insurance policies listed on Schedule A/B is available in the *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Debtors to Continue Prepetition Insurance Coverage and (B) Authorizing Financial Institutions to Honor Related Checks and Electronic Payment Requests* [Docket No. 6].

**Part 3**.  The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule A/B–12, which represents the amount of accounts receivable reduced for any reserves for "doubtful accounts."  For purposes of Schedule A/B–12, "doubtful accounts" are those accounts that the Debtors have identified as unlikely to be paid.  Accounts receivable generally consist of, among other things, surcharges, and other related receivables.

**Part 4**.  The value of ownership interests in non-Debtor subsidiaries have been listed on Schedule A/B at book value.

**Part 9**.  For those Debtors that own real property, such owned real estate is reported at book value**,** net of accumulated depreciation.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  Buildings and land

improvements are listed on Schedules A/B independent of whether the real property to which the building or land improvement is connected is Debtor-owned property.  The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter claims and/or cross-claims as a defendant.  Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B.

**Part 10**.  As noted above, the Debtors have made reasonable efforts to attribute intellectual property to the rightful Debtor owner, however, in some instances intellectual property owned by one Debtor may, in fact, be owned by another Debtor or a wholly-owned non-Debtor affiliate. Accordingly, the value listed in respect of certain Debtors' interest in certain intellectual property may, in part, be inclusive of the value of the intellectual property owned by such Debtor's wholly-owned non-Debtor subsidiary.

Intellectual property may include the Debtors' rights under various agreements set forth in Schedule G.  For the avoidance of doubt, the failure to identify any intellectual property in Part 10 of Schedule A/B shall not, among other things, constitute a waiver of any rights with respect to such intellectual property.

**Schedule D**.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  The secured debt is jointly and severally the responsibility of multiple Debtors, as such the liability has been listed on each Debtor who is an obligor or guarantor of such debt.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility

companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of certain of the Debtors' debt, only the applicable agents or trustees have been listed for purposes of Schedule D. The amounts outstanding reflect approximate amounts as of the Petition Date.

**Schedule E**. The listing of any Claim on Schedule E does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any Claim on any basis at any time.

Further, the Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code. For example, on June 14, 2016, the Court entered the *Final Order (A) Authorizing, But Not Directing, the Debtors to Pay Certain Prepetition (I) Wages, Salaries and Other Compensation, (II) Reimbursable Employee Expenses, and (III) Employee Medical and Similar Benefits; and (B) Authorizing Financial Institutions to Honor All Related Checks and Electronic Payment Requests* [Docket No. 232] (the "Wages Order"), authorizing the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and similar benefits. Additionally, on June 14, 2016, the Court entered the *Final Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code Authorizing Debtors to Pay Prepetition Taxes and Other Charges* [Docket No. 231], authorizing the Debtors to pay or honor certain prepetition obligations owed to taxing authorities. To the extent such claims have been paid or may be paid pursuant to further Court order, they may not be included on Schedule E.

**Schedule F**. The Debtors have used commercially reasonable efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date. The Claims of individual creditors for, among other things, products, goods, or services are listed as amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

9

The Claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Determining the date upon which each Claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F.

Schedule F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Certain of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

Amounts set forth on Schedule F may not reflect balances that have been paid pursuant to certain "first day" orders or other similar relief granted by the Court, including, without limitation, the Wages Order, the Utilities Order, the *Final Order Authorizing Payment of Certain Prepetition Common Carrier, Warehouse and Related Obligations* [Docket No. 245] or the *Final Order Authorizing the Debtors to Pay Prepetition Claims of Certain Unsecured Critical Vendors* [Docket No. 246].

**Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts. The Debtors reserve all of their rights to alter, amend, or supplement Schedule G to the extent that additional executory contracts are identified. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend and supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

As is customary for an enterprise of the Debtors' size and scope, the Debtors are party to various confidentiality and non-disclosure agreements in the ordinary course. By their terms, certain of these agreements may prohibit the disclosure of those agreements or the identity of the counterparty. The Debtors have therefore excluded confidentiality or non-disclosure agreements from the applicable Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or, multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein. The Debtors reserve all of their rights, claims, and Causes of Action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses that may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend each Debtor's Schedule G to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In the normal course of business, the Debtors utilize purchase orders in order to obtain goods from various vendors. Due to the brief time periods involved with purchased orders and the volume and frequency of these transactions, individual purchase orders that were active as of the Petition Date are not listed in Schedule G. The Debtors reserve all rights as to active purchase orders as of the Petition Date.

**Schedule H**.  For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under their funded debt are listed as "Codebtors" on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts,

unexpired leases, secured financings, debt instruments, and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable. Further, although there may be multiple lenders and/or holders under the Debtors' credit facilities and indentures, only the agent or trustee, as applicable, has been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 7, as applicable.

## Additional Notes with Respect to the Debtors' Statements

**Statement 1**. The gross revenue from business is listed through the Petition Date.

**Statement 2**. For financial reporting purposes, the Debtors historically prepare consolidated financial statements. Unlike those consolidated financial statements, Statement 2 reflects the non-business revenue of each Debtor on a nonconsolidated basis. Accordingly, non-business revenue reported for individual Debtors may be shown in the Statements as revenue for that Debtor, whereas on a consolidated basis, may be shown as a net expense.

**Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtors except for those made to directors, officers, intercompany entities (which payments appear in response to Statement 4), employees, and bankruptcy professionals (which payments appear in response to Statement 11).

**Statement 4**. Statement 4 presents each respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable. In the ordinary course of business, certain of the Debtor entities and business divisions maintain business relationships with each other, which results in intercompany receivables and payables (collectively, the "Intercompany Claims"). With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation and/or other employee benefits.

**Statement 6**. As noted above, the Debtors routinely incur setoffs during the ordinary course of business. Setoffs in the ordinary course can result from various items including intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, and other transaction true-ups. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and are particularly voluminous, making it unduly burdensome and costly for the Debtors to list all normal setoffs. Therefore, normal setoffs are excluded from the Debtors' responses to Statement 6.

**Statement 7**. Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. Additionally, any information contained in Statement 7 shall not be a binding admission of the Debtors' liabilities with respect to any of the suits and proceedings identified therein. The Debtors reserve all rights with respect to the suits and administrative

proceedings set forth in Statement 7, and any claims filed in relation to such suits and administrative proceedings.

**Statement 9**.  Certain *de minimis* gifts that are not reported or tracked centrally may have been excluded.

**Statement 10**.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement 13**.  The Debtors do not take any position with respect to whether transfers identified in the response to Statement 13 in the Statements are made in the ordinary course of business. Certain transfers listed in this response are included solely out of an abundance of caution. While the Debtors have made reasonable efforts to respond comprehensively to Statement 13, certain *de minimis* asset sales and transfers may be omitted unintentionally.

**Statements 22-24**.  The Debtors have made commercially reasonable efforts to identify all applicable environmental information as required by Part 12. These efforts included incorporating detailed environmental Debtor records and incorporating Debtor historical knowledge into the Schedules and Statements to the extent possible.  Where certain requested categories of information were not reasonably available for a listed proceeding, address, or exact dates, the Debtors' response gives as much information as possible.

**Statement 26a-c**.  The Debtors have listed those individuals and/or firms that have been identified as having the primary responsibility to maintain or supervise the keeping of the Debtors' books and records. Notwithstanding this listing, additional parties not listed may have had access to the Debtors' books and records.

**Statement 26d**.  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 26d.

**Statement 30**.  Where applicable, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

END OF GLOBAL NOTES

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Constellation Enterprises LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>16-11213</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

---

**Part 1:  Summary of Assets**

---

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $348,616.57

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $348,616.57

---

**Part 2:  Summary of Liabilities**

---

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . . | $158,088,210.43

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206EF)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . . . | + $1,634,457.38

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $159,722,667.81
    Lines 2 + 3a + 3b

| Fill in this information to identify the case: |
| --- |
| Debtor   Constellation Enterprises LLC |
| United States Bankruptcy Court for the:   District of Delaware |
| Case number   16-11213<br>(if known) |

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property                    **12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
| --- | --- |

**1.    DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

**2.    CASH ON HAND**

$0.00

**3.    CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**
*(IDENTIFY ALL)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1.    PNC BANK, NA | DDA | 8828 | $169,758.50 |

**4.    OTHER CASH EQUIVALENTS**

**5    Total of Part 1.**
ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80.

$169,758.50

| Part 2: | DEPOSITS AND PREPAYMENTS |
| --- | --- |

**6.    DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
☐ No. Go to Part 3.
☑ Yes. Fill in the information below.

Current value of debtor's interest

**7.    DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**
DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT

**8.    PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**

| Debtor | Constellation Enterprises LLC | Case number (if known) | 16-11213 |
|---|---|---|---|
| | (Name) | | |

| | | Current value of debtor's interest |
|---|---|---|
| **8.** | **PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT** | |
| | DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |
| | 8.1.    CONWAY MACKENZIE MANAGEMENT SERVICES, LLC - RETAINER - PROFESSIONAL SERVICES | $53,858.07 |
| | 8.2.    EPIQ BANKRUPTCY SOLUTIONS, LLC - RETAINER - PROFESSIONAL SERVICES | $25,000.00 |
| | 8.3.    IMPERIAL CAPITAL, LLC - RETAINER - PROFESSIONAL SERVICES | $100,000.00 |
| **9** | **Total of Part 2.** ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | $178,858.07 |

| **Part 3:** | **ACCOUNTS RECEIVABLE** |
|---|---|

| **10.** | **DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?** |
|---|---|
| | ☒ No. Go to Part 4. |
| | ☐ Yes. Fill in the information below. |

| | Current value of debtor's interest |
|---|---|
| **11.**  ACCOUNTS RECEIVABLE | |
| **12**  Total of Part 3. CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | |

| **Part 4:** | **INVESTMENTS** |
|---|---|

| **13.** | **DOES THE DEBTOR OWN ANY INVESTMENTS?** |
|---|---|
| | ☒ No. Go to Part 5. |
| | ☐ Yes. Fill in the information below. |

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14.**  MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1 | | |
| NAME OF FUND OR STOCK: | | |
| **15.**  NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE | | |
| **16.**  GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1 | | |
| DESCRIBE: | | |
| **17**  Total of Part 4. ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | | |

| **Part 5:** | **INVENTORY, EXCLUDING AGRICULTURE ASSETS** |
|---|---|

| **18.** | **DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?** |
|---|---|
| | ☒ No. Go to Part 6. |
| | ☐ Yes. Fill in the information below. |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

Debtor   Constellation Enterprises LLC _____   Case number (if known) 16-11213
         (Name)

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. RAW MATERIALS** | | | | |
| **20. WORK IN PROGRESS** | | | | |
| **21. FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| **22. OTHER INVENTORY OR SUPPLIES** | | | | |

**23  Total of Part 5.**
ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84.

**24.  Is any of the property listed in Part 5 perishable?**
☑ No
☐ Yes

**25.  Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☑ No
☐ Yes    Book value _____   Valuation method _____   Current value _____

**26.  Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 6:    FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)**

**27.  DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29. FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30. FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)** (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| **31. FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32. OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

**33  Total of Part 6.**
ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85.

| Debtor | Constellation Enterprises LLC | Case number (if known) | 16-11213 |
|---|---|---|---|
| | (Name) | | |

34. **Is the debtor a member of an agricultural cooperative?**
   ☒ No
   ☐ Yes.  Is any of the debtor's property stored at the cooperative?
      ☒ No
      ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
   ☒ No
   ☐ Yes

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
   ☒ No
   ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
   ☒ No
   ☐ Yes

| Part 7: | OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES |
|---|---|

38. **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
   ☒ No. Go to Part 8.
   ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **OFFICE FURNITURE** | | | |
| 40. **OFFICE FIXTURES** | | | |
| 41. **OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 42. **COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES** EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |

43 **Total of Part 7.**
   ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
   ☒ No
   ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
   ☒ No
   ☐ Yes

| Part 8: | MACHINERY, EQUIPMENT, AND VEHICLES |
|---|---|

46. **DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
   ☒ No. Go to Part 9.
   ☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

Debtor    Constellation Enterprises LLC    Case number (if known) 16-11213
          (Name)

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES**

**48. WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS** EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS

**49. AIRCRAFT AND ACCESSORIES**

**50. OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)**

**51 Total of Part 8.**
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 9:    REAL PROPERTY**

**54. DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☒ No. Go to Part 10.
☐ Yes. Fill in the information below.

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**56 Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

**57. Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 10:    INTANGIBLES AND INTELLECTUAL PROPERTY**

**59. DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

Debtor    Constellation Enterprises LLC          Case number (if known)    16-11213

(Name)

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| **61. INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| **62. LICENSES, FRANCHISES, AND ROYALTIES** | | | |
| **63. CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS** | | | |
| **64. OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| **65. GOODWILL** | | | |

**66  Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

**67.  Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☒ No
☐ Yes

**68.  Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes

**69.  Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 11:  ALL OTHER ASSETS

**70.  DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.
☒ No. Go to Part 12.
☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| **71.  NOTES RECEIVABLE** | |
| DESCRIPTION (INCLUDE NAME OF OBLIGOR) | |
| **72.  TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)** | |
| DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL) | |
| **73.  INTERESTS IN INSURANCE POLICIES OR ANNUITIES** | |
| **74.  CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)** | |

| Debtor | Constellation Enterprises LLC | Case number (if known) | 16-11213 |
|---|---|---|---|
| | (Name) | | |

|  | | Current value of debtor's interest |
|---|---|---|

**75. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**

**76. TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY**

**77. OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP

**78 Total of Part 11.**
ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90.

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $169,758.50 | |
| **81. Deposits and prepayments.** *Copy line 9, Part 2.* | $178,858.07 | |
| **82. Accounts receivable.** *Copy line 12, Part 3.* | | |
| **83. Investments.** *Copy line 17, Part 4.* | | |
| **84. Inventory.** *Copy line 23, Part 5.* | | |
| **85. Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| **87. Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| **88. Real property.** *Copy line 56, Part 9.* ........................................➔ | | |
| **89. Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| **90. All other assets.** *Copy line 78, Part 11.* | **+** | |
| **91. Total.** Add lines 80 through 90 for each column. ........ 91a. | $348,616.57 | **+** 91b |
| **92. Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. .......................................... | | $348,616.57 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Constellation Enterprises LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>16-11213</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

1.   1. Do any creditors have claims secured by debtor's property?
     ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
     ☒ Yes. Fill in all of the information below.

**Part 1:    List All Creditors with Secured Claims**

2.   **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | | Column A<br>**Amount of claim**<br>*Do not deduct the value of collateral.* | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|---|
| 2.1 | **Creditor's name**<br>GOLDMAN SACHS - PRIVATE EQUITY OPPORTUNITIES, LP<br><br>**Creditor's mailing address**<br>200 WEST STREET<br>NEW YORK, NY  10282<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>1/28/2016<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes | | **Describe debtor's property that is subject to a lien**<br>WORKING CAPITAL (FIRST LIEN, LAST OUT); PP&E(SECOND LIEN)<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☐ No<br>☒ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $10,600,000.00 | UNKNOWN |
| 2.2 | **Creditor's name**<br>PNC BANK, N.A.<br><br>**Creditor's mailing address**<br>ONE PNC PLAZA<br>249 FIFTH AVE.<br>PITTSBURGH, PA  15222<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>1/28/2011<br><br>**Last 4 digits of account number:** 2949<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes | | **Describe debtor's property that is subject to a lien**<br>WORKING CAPITAL (FIRST LIEN); PP&E (SECOND LIEN)<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $17,891,210.43 | UNKNOWN |

| Debtor | Constellation Enterprises LLC | | Case number (if known) | 16-11213 |
|---|---|---|---|---|
| | (Name) | | | |

| Part 1: | Additional Page |
|---|---|

| | | Column A | Column B |
|---|---|---|---|
| | | **Amount of claim** | **Value of collateral that supports this claim** |
| | | Do not deduct the value of collateral. | |

| 2.3 | **Creditor's name**<br>PNC BANK, N.A., AS AGENT<br><br>**Creditor's mailing address**<br>COMMERCIAL LOAN SERVICE CENTER<br>DCC, 500 FIRST AVE.<br>PITTSBURGH, PA  15219<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>1/28/2011<br><br>**Last 4 digits of account number: 8446**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes | **Describe debtor's property that is subject to a lien**<br>UCC LIEN<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☒ No<br>☐ Yes<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply.<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed | UNKNOWN | UNKNOWN |
| 2.4 | **Creditor's name**<br>PRIVATE EQUITY OPPORTUNITIES LP, AS AGENT<br><br>**Creditor's mailing address**<br>200 WEST STREET<br>NEW YORK, NY  10282<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>9/18/2015<br><br>**Last 4 digits of account number: 4710**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes | **Describe debtor's property that is subject to a lien**<br>UCC LIEN<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☒ No<br>☐ Yes<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply.<br>☒ Contingent<br>☐ Unliquidated<br>☒ Disputed | UNKNOWN | UNKNOWN |
| 2.5 | **Creditor's name**<br>WELLS FARGO BANK, N.A., AS COLLATERAL AGENT<br><br>**Creditor's mailing address**<br>150 EAST 42ND STREET<br>40TH FLOOR<br>NEW YORK, NY  10017<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>1/28/2011<br><br>**Last 4 digits of account number: 3100**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes | **Describe debtor's property that is subject to a lien**<br>PP&E (FIRST LIEN); WORKING CAPITAL (SECOND LIEN)<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $129,597,000.00 | UNKNOWN |

| Debtor | Constellation Enterprises LLC | Case number (if known) | 16-11213 |
|---|---|---|---|
| | (Name) | | |

| Part 1: | Additional Page |
|---|---|

| | | Column A | Column B |
|---|---|---|---|
| | | **Amount of claim** | **Value of collateral that supports this claim** |
| | | *Do not deduct the value of collateral.* | |
| 2.6 | **Creditor's name** WELLS FARGO BANK, N.A., AS COLLATERAL AGENT | **Describe debtor's property that is subject to a lien** UCC LIEN | UNKNOWN | UNKNOWN |
| | **Creditor's mailing address** 45 BROADWAY 14TH FLOOR NEW YORK, NY 10006 | **Describe the lien** | | |
| | **Creditor's email address** | **Is the creditor an insider or related party?** ☒ No ☐ Yes | | |
| | **Date or dates debt was incurred** 1/28/2011 | **Is anyone else liable on this claim?** ☒ No ☐ Yes | | |
| | **Last 4 digits of account number: 8833** | **As of the petition filing date, the claim is:** *Check all that apply.* | | |
| | **Do multiple creditors have an interest in the same property?** ☒ No ☐ Yes | ☒ Contingent ☒ Unliquidated ☒ Disputed | | |

| 3. | **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | $158,088,210.43 |
|---|---|---|

**Fill in this information to identify the case:**

Debtor          Constellation Enterprises LLC

United States Bankruptcy Court for the:  District of Delaware

Case number      16-11213
(if known)

☐ Check if this is an
amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                   12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY
unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts
on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases*
(Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach
the Additional Page of that Part included in this form.

## Part 1:   List All Creditors with PRIORITY Unsecured Claims

1.   **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
     ☑ No. Go to Part 2.
     ☐ Yes. Go to line 2.

## Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3.   **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority
     unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address**<br>CROWE HORWATH<br>P.O. BOX 71570<br>CHICAGO, IL  60694<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:**<br>SERVICES<br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $124,236.00 |
| 3.2 | **Nonpriority creditor's name and mailing address**<br>HILCO VALUATION SERVICES<br>5 REVERE DR.<br>NORTHBROOK, IL  60062<br><br>**Date or dates debt was incurred**<br>12/1/2015<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:**<br>SERVICES<br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $68,082.00 |
| 3.3 | **Nonpriority creditor's name and mailing address**<br>IPFS<br>3000 RDU CENTER DRIVE<br>SUITE 100<br>MORRISVILLE, NC  27560<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:**<br>SERVICES<br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $96,221.00 |

| Debtor | Constellation Enterprises LLC | Case number (if known) 16-11213 |
|--------|-------------------------------|----------------------------------|
| | (Name) | |

| **Part 2:** | Additional Page | |
|-------------|-----------------|--|

| | | Amount of claim |
|---|---|---|

**3.4** | **Nonpriority creditor's name and mailing address**

KRAMER LEVIN NAFTALIS FRANKEL
1177 AVE. OF AMERICAS
NEW YORK, NY 10036

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
SERVICES

**Is the claim subject to offset?**
☒ No
☐ Yes

$278,469.00

---

**3.5** | **Nonpriority creditor's name and mailing address**

MERRILL COMMUNICATIONS
CM-9638
ST PAUL, MN 55170

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
SERVICES

**Is the claim subject to offset?**
☒ No
☐ Yes

$10,699.00

---

**3.6** | **Nonpriority creditor's name and mailing address**

MOODY'S INVESTOR SERVICE
7 WTC
250 GREENWICH ST
NEW YORK, NY 10007

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
SERVICES

**Is the claim subject to offset?**
☒ No
☐ Yes

$47,083.00

---

**3.7** | **Nonpriority creditor's name and mailing address**

PAUL HASTINGS
75 EAST 55TH ST.
NEW YORK, NY 10022

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
SERVICES

**Is the claim subject to offset?**
☒ No
☐ Yes

$74,613.00

---

**3.8** | **Nonpriority creditor's name and mailing address**

PROTOSTAR PARTNERS
13 WEST 54TH ST.
NEW YORK, NY 10019

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
SERVICES

**Is the claim subject to offset?**
☒ No
☐ Yes

$771,566.00

| Debtor | Constellation Enterprises LLC | | | Case number (if known) | 16-11213 |
|---|---|---|---|---|---|
| | (Name) | | | | |

| **Part 2:** | Additional Page | | | Amount of claim |
|---|---|---|---|---|

| 3.9 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $8,563.38 |
|---|---|---|---|
| | SHUMAKER<br>1000 JACKSON ST.<br>TOLEDO, OH 43604 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>SERVICES | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☒ No<br>☐ Yes | |

| 3.10 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $73,150.00 |
|---|---|---|---|
| | STANDARD & POOR'S<br>2542 COLLECTION CENTER DR<br>CHICAGO, IL 60693 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date or dates debt was incurred**<br>1/12/2016 | **Basis for the claim:**<br>SERVICES | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☒ No<br>☐ Yes | |

| 3.11 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $79,275.00 |
|---|---|---|---|
| | STOUT, RISIUS, ROSS<br>P.O. BOX 71770<br>CHICAGO, IL 60694 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>SERVICES | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☒ No<br>☐ Yes | |

| 3.12 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $2,500.00 |
|---|---|---|---|
| | WELLS FARGO<br>WF 8113 P.O. BOX 1450<br>MINNEAPOLIS, MN 55485 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date or dates debt was incurred**<br>5/10/2016 | **Basis for the claim:**<br>SERVICES | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☒ No<br>☐ Yes | |

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

5.    Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| **5a.** | Total claims from Part 1 | **5a.** | $0.00 |
| **5b.** | Total claims from Part 2 | **5b.** + | $1,634,457.38 |
| **5c.** | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | **5c.** | $1,634,457.38 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Constellation Enterprises LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>16-11213</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1.   Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|----|------------------------------------------|--|----------------------------------------------------------------------------------------------------------------------------|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | PROFESSIONAL AGREEMENT | CARL MARKS ADVISORY GROUP LLC<br>900 THIRD AVE.<br>33RD FLR.<br>NEW YORK, NY  10022 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | PROFESSIONAL AGREEMENT | CONWAY MACKENZIE MANAGEMENT SERIVCES, LLC<br>600 FIFTH AVE.<br>25TH FLOOR<br>NEW YORK, NY  10020 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | PROFESSIONAL AGREEMENT | CROWE HORWATH LLP<br>9910 DUPONT CIR.<br>SUITE 230<br>FORT WAYNE, IN  46825 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | PROFESSIONAL AGREEMENT | EPIQ BANKRUPTCY SOLUTIONS<br>777 THIRD AVE.<br>3RD FLOOR<br>NEW YORK, NY  10017 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | PROFESSIONAL AGREEMENT | HW INSIGHTS<br>50 TICE BLVD.<br>SUITE 340<br>WOODCLIFF LAKES, NJ |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |

| Debtor | Constellation Enterprises LLC | Case number (if known) | 16-11213 |
| --- | --- | --- | --- |
| | (Name) | | |

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- |
| **2.6** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | PROFESSIONAL AGREEMENT<br><br><br><br>N/A | IMPERIAL CAPITAL LLC<br>277 PARK AVE.<br>48TH FLR.<br>NEW YORK, NY  10172 |
| **2.7** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | INSURANCE AGREEMENT<br><br><br><br>UNKNOWN | IPFS CORPORATION<br>1055 BROADWAY BLVD.<br>11TH FLR.<br>KANSAS CITY, MO  64105 |
| **2.8** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | PROFESSIONAL AGREEMENT<br><br><br><br>N/A | KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>1177 AVENUE OF THE AMERICAS<br>NEW YORK, NY  10036 |
| **2.9** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | PROFESSIONAL AGREEMENT<br><br><br><br>N/A | KSA ADVISORS<br>50 TICE BLVD.<br>SUITE 340<br>WOODCLIFF LAKES, NJ |
| **2.10** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | RENT<br><br><br><br>1/2 MONTH | NEW YORK CITY OFFICE SUITES<br>733 THIRD AVE.<br>NEW YORK, NY  10017 |
| **2.11** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | PROFESSIONAL AGREEMENT<br><br><br><br>N/A | RICHARDS LAYTON & FINGER<br>920 N. KING<br>WILMINGTON, DE  19801 |

| **Fill in this information to identify the case:** | |
|---|---|
| Debtor | Constellation Enterprises LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 16-11213 |

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors                                                    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

    ☐ Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☑ Yes.

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.1 | THE JORGENSEN FORGE CORPORATION | 8531 EAST MARGINAL WAY SOUTH TUKWILA, WA  98108 | GOLDMAN SACHS - PRIVATE EQUITY OPPORTUNITIES, LP | ☑ D ☐ E/F ☐ G |
| 2.2 | COLUMBUS STEEL CASTINGS COMPANY | 2211 PARSONS AVENUE COLUMBUS, OH  43207 | GOLDMAN SACHS - PRIVATE EQUITY OPPORTUNITIES, LP | ☑ D ☐ E/F ☐ G |
| 2.3 | ZERO CORPORATION | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ  07677 | GOLDMAN SACHS - PRIVATE EQUITY OPPORTUNITIES, LP | ☑ D ☐ E/F ☐ G |
| 2.4 | ECLIPSE MANUFACTURING CO. | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ  07677 | GOLDMAN SACHS - PRIVATE EQUITY OPPORTUNITIES, LP | ☑ D ☐ E/F ☐ G |
| 2.5 | METAL TECHNOLOGY SOLUTIONS, INC. | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ  07677 | GOLDMAN SACHS - PRIVATE EQUITY OPPORTUNITIES, LP | ☑ D ☐ E/F ☐ G |
| 2.6 | COLUMBUS HOLDINGS, INC. | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ  07677 | GOLDMAN SACHS - PRIVATE EQUITY OPPORTUNITIES, LP | ☑ D ☐ E/F ☐ G |
| 2.7 | JFC HOLDING CORPORATION | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ  07677 | GOLDMAN SACHS - PRIVATE EQUITY OPPORTUNITIES, LP | ☑ D ☐ E/F ☐ G |
| 2.8 | STEEL FORMING, INC. | 1775 LOGAN AVENUE YOUNGSTOWN, OH  44505 | GOLDMAN SACHS - PRIVATE EQUITY OPPORTUNITIES, LP | ☑ D ☐ E/F ☐ G |
| 2.9 | ZERO MANUFACTURING, INC. | 500 WEST 200 NORTH STREET NORTH SALT LAKE, UT  84054 | GOLDMAN SACHS - PRIVATE EQUITY OPPORTUNITIES, LP | ☑ D ☐ E/F ☐ G |

Debtor    Constellation Enterprises LLC    Case number (if known)  16-11213

(Name)

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.10 | COLUMBUS STEEL CASTINGS COMPANY | 2211 PARSONS AVENUE COLUMBUS, OH 43207 | PNC BANK, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.11 | COLUMBUS HOLDINGS, INC. | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ 07677 | PNC BANK, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.12 | ZERO CORPORATION | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ 07677 | PNC BANK, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.13 | ECLIPSE MANUFACTURING CO. | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ 07677 | PNC BANK, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.14 | THE JORGENSEN FORGE CORPORATION | 8531 EAST MARGINAL WAY SOUTH TUKWILA, WA 98108 | PNC BANK, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.15 | METAL TECHNOLOGY SOLUTIONS, INC. | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ 07677 | PNC BANK, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.16 | ZERO MANUFACTURING, INC. | 500 WEST 200 NORTH STREET NORTH SALT LAKE, UT 84054 | PNC BANK, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.17 | JFC HOLDING CORPORATION | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ 07677 | PNC BANK, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.18 | STEEL FORMING, INC. | 1775 LOGAN AVENUE YOUNGSTOWN, OH 44505 | PNC BANK, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.19 | COLUMBUS HOLDINGS, INC. | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ 07677 | WELLS FARGO BANK, N.A., AS COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.20 | COLUMBUS STEEL CASTINGS COMPANY | 2211 PARSONS AVENUE COLUMBUS, OH 43207 | WELLS FARGO BANK, N.A., AS COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.21 | ZERO CORPORATION | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ 07677 | WELLS FARGO BANK, N.A., AS COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.22 | ZERO MANUFACTURING, INC. | 500 WEST 200 NORTH STREET NORTH SALT LAKE, UT 84054 | WELLS FARGO BANK, N.A., AS COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.23 | METAL TECHNOLOGY SOLUTIONS, INC. | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ 07677 | WELLS FARGO BANK, N.A., AS COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |

| Debtor | Constellation Enterprises LLC | Case number (if known) | 16-11213 |
| --- | --- | --- | --- |
| | (Name) | | |

**Additional Page if Debtor Has More Codebtors**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
| --- | --- | --- | --- | --- |
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.24 | THE JORGENSEN FORGE CORPORATION | 8531 EAST MARGINAL WAY SOUTH TUKWILA, WA  98108 | WELLS FARGO BANK, N.A., AS COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.25 | ECLIPSE MANUFACTURING CO. | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ  07677 | WELLS FARGO BANK, N.A., AS COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.26 | JFC HOLDING CORPORATION | 50 TICE BOULEVARD SUITE 340 WOODCLIFF, NJ  07677 | WELLS FARGO BANK, N.A., AS COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.27 | STEEL FORMING, INC. | 1775 LOGAN AVENUE YOUNGSTOWN, OH  44505 | WELLS FARGO BANK, N.A., AS COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Constellation Enterprises LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>16-11213</td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 06/22/2016
MM / DD / YYYY

✗ /s/ William Lowry
Signature of individual signing on behalf of debtor

William Lowry
Printed name

Chief Financial Officer
Position or relationship to debtor