**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| | ) **Chapter 11** |
| | ) |
| **In re:** | ) **Case No. 16-11213 (CSS)** |
| | ) |
| **Constellation Enterprises LLC, *et al.*,**[1] | ) |
| | ) |
| **Debtors.** | ) **Jointly Administered** |
| | ) **Objection Deadline: July 7, 2016 at 4:00 p.m. (ET)** |
| | ) **Hearing Date : July 22, 2016 at 11:00 a.m. (ET)** |
| | ) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR AN ORDER ESTABLISHING INFORMATION SHARING**
**PROCEDURES FOR COMPLIANCE WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c),**
***NUNC PRO TUNC* TO MAY 25, 2016**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), by and through its proposed undersigned counsel, hereby submits this Motion (the "**Motion**") pursuant to sections 105(a), 107(b)(1), 1102(b)(3), and 1103(c) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, establishing information sharing procedures, *nunc pro tunc* to May 25, 2016, and in support thereof respectfully states as follows:

<u>**BACKGROUND**</u>

1.      On May 16, 2016 and May 17, 2016 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  The

---

[1] The debtors in these cases, along with the last four digits of their federal tax identification number, are: Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995).  The debtors' mailing address is located at 50 Tice Boulevard, Woodcliff Lakes, NJ 07677.

Chapter 11 Cases have been consolidated for procedural purposes only, and are jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee or examiner has been appointed in the Chapter 11 Cases.

2.     On May 25, 2016 (the "**Formation Date**"), the Office of the United States Trustee for Region 3 appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee is comprised of the following members: (a) U.S. Bank National Association, (b) G.O Carlson, Inc., (c) Electralloy, (d) PSC Metals, Inc., (e) EAC Corporation, (f) Steel Summit Holdings, Inc., (g) Praxair and (h) United Steelworkers.  *See* D.I. 108.

3.     The Committee has selected Squire Patton Boggs (US) LLP as its proposed lead counsel, Whiteford, Taylor & Preston LLC as its proposed Delaware local counsel, and CBIZ Corporate Recovery Services as its proposed financial advisor.

## JURISDICTION

4.     This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## REQUESTED RELIEF

5.     By this Motion, the Committee seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "**Order**"), *nunc pro tunc* to the Formation Date (i) clarifying that section 1102(b)(3) of the Bankruptcy Code does not require the Committee to disseminate proprietary, non-public confidential information, including, but not limited to, any draft pleadings, documents, memoranda, expert reports, summaries, communications, settlement discussions and other information and materials, whether or not provided voluntarily or involuntarily by or on behalf of the Debtors or by any third-party, or prepared by or for the

Committee (the "**Confidential Information**") concerning the Debtors, or information that is subject to the attorney-client, work-product or some other state, federal or other jurisdictional law of privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or a third party (the "**Privileged Information**") to its non-member constituency; and (ii) deeming the Committee and its advisors to be in compliance with section 1102(b)(3) of the Bankruptcy Code as a result of the implementation of certain procedures described herein (the "**Procedures**") and that no additional procedures are required by the Committee beyond the proposed Procedures.

6.      Section 1102(b)(3) imposes certain information sharing duties on the Committee, including the broad requirement that the Committee provide creditor constituents access to information.  In addition, Section 1103(c) of the Bankruptcy Code sets forth the primary duties of the creditors' committees, including, but not limited to, investigating the acts of the debtor and participating in the formulation of a plan.  To properly perform its duties under section 1103(c), the Committee must have access to the Debtors' Confidential Information.  To facilitate open communication, the Debtors and the Committee are, or will be, bound by certain confidentiality requirements.

7.      The proposed Procedures set forth below allow the Committee to satisfy its statutory obligations while safeguarding the Confidential Information of the Debtors that the Committee may receive throughout the administration of these Chapter 11 Cases or Privileged Information.

8.      To satisfy its fiduciary obligations in an efficient and effective manner, the Committee has established a website (the "**Website**") to make certain non-confidential

information available to general unsecured creditors. The Website address is: http://www.omnimgt.com/ConstellationEnterprises.[2]

9.     The information available on the Website will include, but is not limited to: (i) the Petition Date, the case number, and general information about the Debtors' Chapter 11 Cases; (ii) the contact information for the Debtors, the Debtors' professionals, the Committee, and the Committee's professionals; (iii) information regarding significant events in the Chapter 11 Cases and relevant deadlines, including the claims bar date and any pleadings that are relevant thereto; (iv) any press releases, if any, issued by the Committee or the Debtors; (v) general case information updated periodically; (vi) the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs; (vii) the Debtors' disclosure statement and plan (together with any exhibits thereto); (viii) any pleadings filed by the Committee; and (ix) any other information that the Committee, in its sole discretion, deems appropriate, subject to the restrictions and limitations imposed by the Court.

10.     The Website may also contain an email address (the "**Email Address**") to allow general unsecured creditors to send questions and comments to the Committee concerning these Chapter 11 Cases. Any written communication with general unsecured creditors from the Committee with respect to email correspondence or otherwise will be made by the Committee's

---

[2] In an effort to be cost effective, the Committee is using the services of Rust/Omni ("**Rust/Omni**"), a vendor specializing in the creation and maintenance of such websites. As the Committee's proposed bankruptcy counsel, Squire Patton Boggs (US) LLP will pay Rust/Omni's invoices, if any, and then seek reimbursement of same through subsequently filed fee applications. Rust/Omni does not charge for creating or hosting the Website and only charges for periodic updates to the Website, at the rate of $65.00 per hour. In any event, Rust/Omni's monthly invoices will be capped at $100.00. The same procedures have been used for example *In re Santa Fe Gold Corporation, et al.*, Case No. 15-11761 (Bankr. D. Del. October 27, 2015), *In re Coldwater Creek, Inc., et al.*, Case No. 14-10867 (Bankr. D. Del. July 10, 2014); *In re Handy Hardware Wholesale, Inc.*, Case No. 13-10060 (Bankr. D. Del. Feb. 25, 2013); *In re Hussey Copper Corp., et al.*, Case No. 11-13010 (Bankr. D. Del. Dec. 8, 2011); *In re Manistique Papers, Inc.*, Case No. 11-12562 (Bankr. D. Del. Nov. 28, 2011); *Chef Solutions Holdings, LLC, et al.*, Case No. 11-13139 (Bankr. D. Del. Nov. 13, 2011); and *American Safety Razor Company, LLC, et al.*, Case No. 10-12351 (Bankr. D. Del. Sept. 13, 2010).

proposed counsel or other authorized representatives of the Committee, in their reasonable discretion.

11.     Under the proposed Procedures, the Committee has no obligation to provide Confidential Information to general unsecured creditors.  Further, the Committee shall not be required to provide access to information to any entity that has not demonstrated to the satisfaction of the Committee that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code, nor shall the Committee be required to provide information to any creditor that, in its judgment, is unduly burdensome, or calls for the disclosure of Confidential Information.

12.     The Committee shall consult the Debtors in identifying Confidential Information. The Committee will engage in good faith negotiations with the Debtors to resolve any dispute as to whether information has been designated properly as Confidential Information, but if negotiations are unsuccessful, the Committee may seek the Court's assistance in resolving the dispute.

13.     The Committee shall not have or incur any liability to any entity for acts taken or omitted to be taken with respect to its obligations under section 1102(b)(3) of the Bankruptcy Code as long as the Committee and its professionals have acted in compliance with the Procedures set forth herein and any confidentiality agreement; provided, however, that the foregoing shall not preclude or abridge the right of any creditor to move before the Court for an order requiring the production of other or additional information, to the extent appropriate and available.

14.     The relief sought in this Motion as reflected in the proposed Order shall not (i) modify or abridge immunities otherwise available to the Committee or professionals employed

by the Committee under applicable bankruptcy or non-bankruptcy law, nor (ii) modify or abridge

the rights of the Debtors with respect to any Confidential Information, or rights under

confidentiality agreements with any member of the Committee or their professionals.

## BASIS FOR RELIEF REQUESTED

15.    Section 1102 of the Bankruptcy Code requires the dissemination of information to

creditors holding unsecured claims but who are not appointed to the creditors' committee.  The

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 enacted section 1102(b)(3),

which requires creditors' committees to "provide access to information for creditors who (i) hold

claims of the kind represented by that committee; and (ii) are not appointed to the committee."

11 U.S.C. § 1102(b)(3)(A).

16.    Because section 1102(b)(3)(A) does not contain a clear definition of the scope of

information that creditors' committees must make available to committee members, the specific

disclosure requirements of section 1102(b)(3)(A) remain unclear.  *See In re Refco Inc.*, 336 B.R.

187, 190 (Bankr. S.D.N.Y. 2006). *Cf. In re Seahawk Drilling, Inc., et al.*, Case No. 11-20089

(Bankr. S.D. Tex. Mar. 30, 2011) [Docket Entry No. 528] (order entered clarifying, *inter alia*,

Committee's obligations to provide access to information); *In re Scotia Development LLC, et

al.*, Case No. 07-2007 (Bankr. S.D. Tex. June 29, 2007) [Docket Entry No. 1005] (same).

17.    The legislative history of section 1102(b)(3) also fails to provide guidance on

interpretation or application of the provision.  The House Report merely states that:

> Section 405(b) requires the committee to give creditors having
> claims of the kind represented by the committee access to
> information.  In addition, the committee must solicit and receive
> comments from these creditors, and pursuant to court order, make
> additional reports or disclosures available to them.

*See* H.R. Rep. No. 109-31, Pt. 1, 109th Cong. 1st Sess. 87 (2005).

18.     A broad reading of section 1102(b)(3) requires creditors' committees to provide access to and disclose all information received in connection with the bankruptcy case regardless of whether the request seeks confidential or privileged information.  This broad interpretation of section 1102(b)(3) often creates tension between debtors and creditors' committees to the extent that creditors seek access to confidential or proprietary information.

19.     Moreover, an overly broad reading of "section 1102(b)(3)(A) might . . . impose an obligation contrary to other applicable laws and the [c]ommittee's fiduciary duties and hamper the [c]ommittee's performance under section 1103 of the Bankruptcy Code."  *Refco*, 336 B.R. at 190.

20.     Section 1103(c) of the Bankruptcy Code sets forth the primary duties of the creditors' committees, including, but not limited to, investigating the acts of the debtor and participating in the formulation of a plan.  To properly perform its duties under section 1103(c), the Committee must have access to the Debtors' Confidential Information.  To facilitate open communication, the Debtors and the Committee are, or will be, bound by certain confidentiality requirements.

21.     The Committee believes that the sharing of <u>all</u> information without limitations could be detrimental to maximizing value in these Chapter 11 Cases.  If there was a risk that the Debtors' Confidential Information could be disclosed to any creditor, the Debtors would probably be unwilling to share such information with the Committee.[3]  The inability of the Committee to gain access to Confidential Information, in turn, would limit the ability of the Committee to fulfill its statutory obligations under the Bankruptcy Code.

---

[3] Nothing contained in this Motion shall be deemed to constitute the Committee's agreement that any particular information provided to it in these Chapter 11 Cases by the Debtors is confidential and the Committee expressly reserves all of its rights in that regard.

22.     The statutory provision requiring creditors' committees to provide unfettered access to information also impacts the attorney-client privilege and work product privilege between a committee and its counsel or other agents.  *Cf. In re Baldwin-United Corp.*, 38 B.R. 802, 805 (Bankr. S.D. Ohio 1984) (creditors' committee entitled to protection of attorney-client privilege).   In *Refco*, the court stated that "[m]aintaining confidentiality against unsecured creditors generally may be necessary to preserve the committee's attorney-client privilege." *Refco*, 336 B.R. at 197.   The *Refco* court further noted that "one should proceed cautiously concerning the disclosure of information that could reasonably have the effect of waiving the attorney-client or other privilege . . . notwithstanding Bankruptcy Code section 1102(b)(3)." *Id.*

23.     Given the magnitude of this issue, the Committee seeks clarification that section 1102(b)(3) of the Bankruptcy Code does not require the Committee to disseminate non-public Confidential Information and attorney-client communications concerning the Debtors, and that the Committee and its advisors are in compliance with section 1102(b)(3) of the Bankruptcy Code as a result of the implementation of the Procedures.

24.     Various statutory provisions empower this Court to grant the relief requested herein.  Section 105(a) of the Bankruptcy Code states that the Court may "issue any order...that is necessary or appropriate to carry out the provisions of this title."  The relief requested herein is necessary for the Committee to fulfill its statutory mandates under sections 1102(b)(3) and 1103(c) of the Bankruptcy Code.  Because section 1102(b)(3)(A) of the Bankruptcy Code might have a chilling effect on information the Debtors may be willing to share with the Committee, or on the Committee's development of independent analysis, the Committee's request is necessary and appropriate to carry out the provisions of the Bankruptcy Code.

25.    Further, section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall. . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."  Section 107(b)(1) and Rule 9018 of the Federal Rules of Bankruptcy Procedure empower this Court to protect the Debtors' Confidential Information from disclosure to general unsecured creditors.

26.    The requirements of sections 1102(b)(3) and 1103(c) of the Bankruptcy Code must be properly balanced.  The Procedures proposed herein will provide a means for general unsecured creditors to contact the Committee or its counsel and will provide those creditors access to information as required by section 1102(b)(3).  However, the Procedures also reflect and take into account the interests of the Debtors in preventing the dissemination of Confidential Information or Privileged Information to the general public.

## NOTICE

27.    Notice of this Motion has been provided to: (i) counsel to the Debtors, (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel to the Roll-up DIP Lenders; (iv) counsel to the New Money DIP Lenders; (v) counsel to the Prepetition DDTL Lenders; and (vi) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Committee respectfully submits that no other or further notice of the Motion is required.

## NO PRIOR REQUEST

28.    No previous motion for the relief requested herein has been made by the Committee to this or any other court.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, *nunc pro tunc* to the Formation Date, (i) clarifying that section 1102(b)(3) of the Bankruptcy Code does not require the Committee to provide access to Confidential Information or Privileged Information to its non-member constituency, and (ii) deeming that the Committee, its professionals and advisors and its individual members and their respective representatives, advisors and counsel shall be deemed in compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code by adopting the Procedures set forth in the Motion and that no additional procedures are required by the Committee beyond the proposed Procedures.

Dated:   June 23, 2016
      Wilmington, Delaware

/s/ *Christopher M. Samis*
**WHITEFORD, TAYLOR & PRESTON LLC**
Christopher M. Samis (No. 4909)
The Renaissance Centre, Suite 500
405 North King Street
Wilmington, Delaware 19801-3700
Tel:  (302) 357-3266
Fax:  (302) 357-3288
Email:  csamis@wtplaw.com

*Proposed Delaware Counsel for the Official Committee of Unsecured Creditors*

-and-

**SQUIRE PATTON BOGGS (US) LLP**
Norman N. Kinel (admitted *pro hac vice*)
Nava Hazan (admitted *pro hac vice*)
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
Tel:  (212) 872-9800
Fax:  (212) 872-9815
Email:   norman.kinel@squirepb.com
           nava.hazan@squirepb.com

-and-

**SQUIRE PATTON BOGGS (US) LLP**
Karol K. Denniston (admitted *pro hac vice*)
275 Battery Street, Suite 2600
San Francisco, California 94111
Tel:  (415) 954-0200
Fax:  (415) 994-6686
Email:    karol.denniston@squirepb.com

*Proposed Counsel for the Official*
*Committee of Unsecured Creditors*