## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CONSTELLATION ENTERPRISES LLC, *et al.*,[1] | ) ) ) | Case No. 16-11213 (CSS) |
| Debtors. | ) ) ) ) | Jointly Administered **Re: Docket Nos. 88 &** 325 |

### ORDER ESTABLISHING
### BIDDING PROCEDURES AND GRANTING RELATED RELIEF

Upon consideration of the motion (as revised, the "**Motion**") of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**")[2] seeking entry of this order (the "**Bidding Procedures Order**") (i) approving the proposed auction and bidding procedures attached hereto as **Annex 1** (the "**Bidding Procedures**") by which the Debtors will solicit and select the highest or otherwise best offer(s) for the sale or sales (the "**Sale Transaction(s)**") of substantially all or a portion of the Debtors' assets (as more specifically defined below, the "**Subject Assets**") in one or more transactions, other than the assets of Columbus Holdings Inc. and Columbus Steel Castings Company (the "**Columbus Assets**");[3]; (ii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts (as described in the Motion, the "**Assumption and Assignment Procedures**"); (iii) approving the form and manner of notice of

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995). The debtors' mailing address is located at 50 Tice Boulevard, Woodcliff Lakes, NJ 07677.

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion or the Bidding Procedures, as applicable.

[3] Bidding procedures with respect to the sale of the Columbus Assets have already been approved by this Court pursuant to that certain *Order Establishing Bidding Procedures and Granting Related Relief*, entered on June 15, 2016 [D.I. 260].

all procedures, protections, schedules, and agreements described in the Motion and attached thereto; (iv) and scheduling a final hearing (the "**Sale Hearing**") to approve the Sale Transaction(s); and (v) granting related relief, all as more fully described in the Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objections having been filed, or all objections having been resolved or overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

I.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The predicates for the relief granted herein are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, and 6006.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

II.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Entry of this Bidding Procedures Order is in the best interests of the Debtors and their respective estates, creditors, and all other parties-in-interest.

III.     The notice of the Motion, and the proposed entry of this Bidding Procedures Order was adequate and sufficient under the circumstances of these chapter 11 cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Accordingly, no further notice of the Motion is necessary or required.

IV.     The Debtors have demonstrated a compelling and sound business justification for the Court to grant the relief herein. Such compelling and sound business justification, which was set forth in the Motion and on the record at the hearing thereon, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

V.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled except as otherwise set forth herein.

VI.     The Bidding Procedures, substantially in the form attached hereto as **Annex 1** and incorporated herein by reference as if fully set forth herein, are fair, reasonable and appropriate and represent the best method for maximizing the value of the Debtors' estates.

VII.    The Assumption and Assignment Procedures are fair, reasonable and appropriate, and the Sale Notice, the Publication Notice, the Post-Auction Notice, the Assumption and Assignment Notice, and the Supplemental Notice of Assumption and Assignment, substantially in the forms attached hereto are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the potential assumption and assignment of the Designated Contracts in connection with the Sale Transaction(s) and the related Cure Costs, and no other or further notice is required.

VIII.   The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Bidding Procedures are approved in their entirety.   The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance therewith.  The failure to specifically include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

3.      The Sale Notice, substantially in the form attached hereto as **Annex 2**, is approved.  Service of the Sale Notice as described in the Motion and in accordance with the Local Rules shall be sufficient and proper notice of the Sale Transaction(s).

4.      The Publication Notice, substantially in the same form as the Sale Notice, is approved.   Publication of the Publication Notice as described in the Motion shall be sufficient and proper notice of the Sale Transaction(s) with respect to all unknown parties.

5.      The form of Post-Auction Notice, substantially in the form attached hereto as **Annex 3**, is approved.  Service of the Post-Auction Notice as described in the Motion shall be sufficient and proper notice of the Successful Bidder(s).

6.      The Assumption and Assignment Procedures are approved.

7.      The Notice of Assumption and Assignment, substantially in the form attached hereto as **Annex 4**, is approved.  Service of the Notice of Assumption and Assignment as described in the Motion shall be sufficient and proper notice of the potential assignment of the Designated Contracts in connection with the Sale Transaction(s) and the related Cure Costs.

8.      The Supplemental Notice of Assumption and Assignment, substantially in the same form as the notice of Assumption and Assignment, is approved.   Service of the

- 4 -

Supplemental Notice of Assumption and Assignment as described in the Motion shall be sufficient and proper notice of modifications of the Designated Contracts and/or the previously stated Cure Cost associated with any Designated Contract.

9.      In accordance with the Bidding Procedures, on or before July 22, 2016, the Debtors may enter into one or more purchase agreements (each, a "**Stalking Horse Agreement**"), subject to higher or otherwise better offers at the Auction, with any potential bidder or bidders (such bidder(s), a "**Stalking Horse Purchaser**"), to establish a minimum Qualified Bid(s) at the Auction.

10.     Subject expressly to the provisions of Paragraph 12 below, the Stalking Horse Agreement(s) may contain certain customary terms and conditions, including expense reimbursement in favor of the Stalking Horse Purchaser(s) (the "**Bid Protections**") in amounts to be determined by the Debtors, in consultation with the Consultation Parties, but not to exceed, in the aggregate, (i) for a bid for less than substantially all of the Subject Assets, three percent (3%) of the proposed purchase price for the Subject Assets, or, (ii) for a bid for all, or substantially all, of the Subject Assets, $250,000.

11.     If the Debtors enter into a Stalking Horse Agreement, within one (1) calendar day of the selection by the Debtors of a Stalking Horse Purchaser, the Debtors shall serve notice of the Stalking Horse Agreement on all parties on the Debtors' Rule 2002 Notice List, including the Consultation Parties, and all known parties holding liens on the Assets (each, a "**Stalking Horse Notice**"). Each Stalking Horse Notice shall include (i) the identity of the proposed Stalking Horse Purchaser, (ii) a summary of the key terms of the Stalking Horse Agreement, (iii) a summary of the type and amount of Bid Protections, if any, proposed to be afforded to the

Stalking Horse Purchaser, and (iv) a correct and complete copy of the Stalking Horse Agreement.

12.     To the extent the Debtors enter into a Stalking Horse Agreement providing for Bid Protections, the Debtors are authorized, provided that they obtain the consent of the Consultation Parties and the U.S. Trustee (which consent may not be unreasonably withheld), to submit an order to the Bankruptcy Court under certification of counsel that approves such Bid Protections (the "**Stalking Horse Order**").  In the event that the Consultation Parties and the U.S. Trustee do not each consent to the proposed Bid Protections and the form of Stalking Horse Order, the Debtors are authorized to file a notice seeking an expedited hearing on not less than 7 calendar days' notice (the "**Stalking Horse Hearing**").  All parties in interest have the right at the Stalking Horse Hearing to object on any grounds to the Debtors' entry into a Stalking Horse Agreement, including, without limitation, objections (a) to the designation of the Stalking Horse Purchaser, (b) to the Bid Protections proposed to be granted to such Stalking Horse Purchaser, and (c) to the terms and conditions under which such Bid Protections would be payable to the Stalking Horse Purchaser.  Other than as provided by order of the Bankruptcy Court, no party submitting a Bid shall be entitled to a break-up fee or expense reimbursement except for the Bid Protections for any Stalking Horse Purchaser that are ultimately approved by a separate order of the Bankruptcy Court.

13.     The Sale Hearing shall be held on August 16, 2016 at 12:00 p.m. (prevailing Eastern Time), and, in any event, may be adjourned or rescheduled in consultation with the Consultation Parties.  Except with respect to the adequate assurance of future performance by the Successful Bidder, any and all objections, if any, to any Sale Transaction(s) must be filed no later than August 8, 2016 at 12:00 p.m. (prevailing Eastern Time) (the "**Sale Objection**

**Deadline**"), *provided, however*, that if an Auction is held, any objections with respect to the Auction may be raised by parties in interest with standing at the Sale Hearing. Any and all such objections must be served on the Objection Recipients and counsel to any Successful Bidder(s), if known on the Sale Objection Deadline. All replies to such objections must be filed by August 15, 2016 at 12:00 p.m. (prevailing Eastern Time) (the "**Reply Deadline**"). Any and all objections with respect to the adequate assurance of future performance by the Successful Bidder, if any, must be filed by no later than August 15, 2016 at 12:00 p.m. (prevailing Eastern Time). All replies to such adequate assurance of future performance objections will be heard at the Sale Hearing.

14.     The Debtors are authorized and empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Bidding Procedures Order.

15.     This Bidding Procedures Order shall be binding on and inure to the benefit of the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

16.     Notwithstanding anything to the contrary in this Bidding Procedures Order and the Bidding Procedures, the Committee reserves all its rights to challenge or limit the right of any party to credit bid under section 363(k) of the Bankruptcy Code in connection with the sale of the Subject Assets, whether such party is a Stalking Horse Bidder or a Qualified Bidder.

17.     This Bidding Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

18.     To the extent any of the deadlines set forth in this Bidding Procedures Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Bidding Procedures Order shall govern.

19.     Nothing herein is intended to limit in any manner any party in interest's ability to object to the Sale Transaction(s) itself and all objections to the Sale Transaction(s) (including, without limitation, with respect to the Debtors' failure to market the Subject Assets, who the Debtors select as the Successful Bidder and who they did not select) are expressly preserved; provided, however, that such objection may not challenge the provisions of the Bidding Procedures as approved herein.

20.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

21.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bidding Procedures Order, including, but not limited to, any matter, claim, or dispute arising from or relating to the Bidding Procedures, and the implementation of this Bidding Procedures Order.

Dated:  _June 28_, 2016

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE