**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CONSTELLATION ENTERPRISES LLC, *et al.*,[1] ) | Case No. 16-11213 (CSS) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Re: Docket No. 1008 |

## ORDER CONVERTING THE DEBTORS' CHAPTER 11 BANKRUPTCY CASES TO CASES UNDER CHAPTER 7

This matter coming before the Court on the *Motion of Debtors to Convert Their Chapter 11 Cases to Cases Under Chapter 7* (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2); and finding that due and sufficient notice of the Motion having been given under the circumstances; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and due and proper notice of the Hearing having been provided; and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995). The debtors' mailing address is 50 Tice Boulevard, Suite 340, Woodcliff Lake, NJ 07677.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion or the *Order (I) Finally Approving a Settlement Agreement Between Trevor Miller, on Behalf of Himself and All Others Similarly Situated, and the Debtors; (II) Approving Class Counsel's Fees and Expenses; (III) Authorizing Class Counsel to Make Distributions; and (IV) Granting Related Relief* [Docket No. ___] (the "WARN Settlement Order"), as applicable.

of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is GRANTED as set forth herein.

2. The Debtors' chapter 11 cases shall be converted, pursuant to 11 U.S.C. § 1112(a), to cases under chapter 7 of the Bankruptcy Code, effective ~~immediately upon the Debtors filing the Conversion Notice (as defined below) with the Court~~ on October 2, 2017 at 5:00 p.m. (the "Conversion Date"). ~~The Debtors shall be authorized to file a notice (the "Conversion Notice") upon the occurrence of each of the following: (i) the transfer of the Remaining Escrow Amount from the Debtors to the Indenture Trustee pursuant to the WARN Settlement Order and (ii) the transfer of the Specified Expenses Escrow Funds from the Indenture Trustee to the Escrow Agent pursuant to the WARN Settlement Order.~~

3. The U.S. Trustee is hereby directed to appoint a chapter 7 trustee to oversee the Debtors' chapter 7 bankruptcy cases.

4. The Debtors shall:

    (a) Within 7 (seven) days of the Conversion Date, turn over to the chapter 7 trustee all records and property of the estate under their custody and control as required by Bankruptcy Rule 1019(4).

    (b) Within 14 (fourteen) days of the Conversion Date, as required by Bankruptcy Rule 1019(5), file a schedule of unpaid debts incurred after the Petition Date and before the Conversion Date, which schedule shall include the name and address of each creditor holding any such debt.

Nothing in this order, including Conversion of the cases, shall effect a pending Disbursement Request (as defined in the Escrow Agreement) as of the Conversion Date.

RLF1 18180913v.4

(c) Within 30 (thirty) days of the Conversion Date, file and transmit a final report and account as required by Bankruptcy Rule 1019(5)(A)(ii) to the U.S. Trustee.

5. To the extent not already done, all professionals employed by the Debtors and the Creditors' Committee shall file, within 45 days of the Conversion Date (the "Final Fee Application Deadline"), a final fee application for approval of all fees and expenses incurred through the Conversion Date. The deadline to object to any final fee applications or requests for compensation shall be 21 (twenty-one) days after the Final Fee Application Deadline (the "Fee Objection Deadline").

6. A hearing to consider all final fee applications and requests for compensation filed, but not yet approved, by the Final Fee Application Deadline, and any objections thereto, shall be held at the first omnibus hearing date scheduled following the Fee Objection Deadline.

7. Subject to its compliance with Local Rule 2002-1(f)(x), upon the Conversion Date, Epiq Bankruptcy Solutions, LLC shall be relieved of its responsibilities as the Debtors' claims and noticing agent in the Debtors' chapter 11 cases and will have no further obligations to the Court, the Debtors, the chapter 7 trustee (once appointed) or any party in interest with respect to the Debtors' chapter 11 cases or the chapter 7 cases.

8. All orders entered by the Court in the Debtors' chapter 11 cases shall remain in full force and effect in the chapter 7 cases.

9. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: __9/27__, 2017
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 18180913v.4