# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CONSTELLATION ENTERPRISES, LLC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 16-11213 (CSS)<br>(Jointly Administered) |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee for the estate of STEEL FORMING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK, N.A.,<br><br>Defendant. | Adv. No. 18-50871 (CSS)<br><br>**Hearing Date: TBD – Expedited consideration requested.**<br><br>**Objection Deadline: TBD - Expedited consideration requested.** |

### CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT WITH U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK, N.A.

David W. Carickhoff, chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby moves this Court (this "Motion") for entry of an Order approving the settlement of his chapter 5 causes of action U.S. Bank National Association d/b/a U.S. Bank N.A. ("Defendant"). In support thereof, the Trustee respectfully states as follows:

### JURISDICTION

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in the cases are: Constellation Enterprises LLC; JFC Holding Corporation; The Jorgensen Forge Corporation; Columbus Holdings Inc.; Columbus Steel Castings Company; Zero Corporation; Zero Manufacturing, Inc.; Metal Technology Solutions, Inc.; Eclipse Manufacturing Co.; and Steel Forming, Inc.

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On May 16, 2016 (the "Petition Date"), the Debtors each commenced a case (the "Chapter 11 Cases") by filing a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under Chapter 11 of the Bankruptcy Code.

4. On September 27, 2017, the Bankruptcy Court entered an order converting the Chapter 11 Cases to cases administered under Chapter 7 of the Bankruptcy Code (collectively, these "Chapter 7 Cases") effective as of October 2, 2017.

5. David W. Carickhoff was duly appointed as the Trustee in each of the Chapter 7 Cases.

6. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtors' financial books and records and investigated potential avoidance actions under chapter 5 of the Bankruptcy Code.[2] After reviewing the Debtors' books and records, the Trustee identified certain parties who had received allegedly avoidable transfers, including the Defendant.

7. On September 26, 2018, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") and filed a complaint (the "Complaint") against the Defendant, asserting, *inter alia*, that the Trustee was entitled to avoid and recover, pursuant to

---

[2] Certain of the Debtors' chapter 5 causes of action were sold in the Chapter 11 Cases. The Trustee investigated those potential avoidance actions that remained with the Estates.

2

Bankruptcy Code sections 547, 548 and 550, alleged transfers (the "Transfers") made by Steel Forming, Inc. to Defendant in the amount of $442,929.00 during the 90-day period prior to the Petition Date.

8. Since commencing the Adversary Proceeding, the Trustee and Defendant conducted negotiations regarding the Trustee's Complaint and any defenses Defendant may assert with respect thereto. The negotiations were conducted at arm's length and in good faith.

9. Defendant has asserted various defenses to the Transfers, alleging that some of the Transfers were not made to the Defendant (notwithstanding references to them in the Debtors' schedules filed in these cases) and that other of the Transfers are not subject to avoidance on various grounds. The Trustee has considered and analyzed these defenses.

10. As a result of substantial negotiations the Trustee and Defendant have entered into, subject to Bankruptcy Court approval, a settlement agreement (the "Settlement Agreement") which would resolve the Complaint and the Adversary Proceeding in their entirety. A copy of the Settlement Agreement is attached hereto as Exhibit A.

## MATERIAL TERMS OF SETTLEMENT AGREEMENT

11. Because the Settlement Agreement is attached hereto and is incorporated herein by reference, the Trustee will not repeat every term of the Settlement Agreement in this Motion. However, certain material terms are highlighted below.[3]

(a) Settlement Amount. Defendant shall pay to the Trustee the total sum of $310,000.00 US (Three Hundred and Ten Thousand United States Dollars) in full and complete settlement of the Transfers and the Adversary Proceeding (the "Settlement Amount"). Within seven (7) business days of the execution of the Settlement Agreement Defendant shall transfer the Settlement Amount to its counsel, Squire Patton Boggs (US) LLP ("Squire"), to be held by Squire in its client trust account pending the entry of a Final Order (as defined below).

---

[3] The description of the Settlement Agreement contained herein is summary in nature only and is not intended to alter or modify any terms of the Settlement Agreement. To the extent that there are any inconsistencies with the Settlement Agreement, the terms of the Settlement Agreement shall control.

(b) <u>Settlement Effective Date.</u> The effective date (the "<u>Settlement Effective Date</u>") of the Settlement Agreement and all of its terms shall be the date upon which all of the following have occurred: (i) entry of an order of the Bankruptcy Court approving the Settlement Agreement that is final, non-appealable and no longer subject to appeal (a "<u>Final Order</u>"); and (ii) the Trustee has received the Settlement Amount in good funds from Squire within seven (7) days of entry of a Final Order.

(c) <u>Trustee's Release</u>. Effective on the Settlement Effective Date, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Defendant from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee, the Debtors and/or the Debtors' estates have, may have or may claim to have against the Defendant; <u>provided</u>, <u>however</u>, that the Trustee's Release shall not include a release of Defendant solely in its capacity as escrow agent pursuant to that certain *Amended and Restated Escrow Agreement made as of September 19, 2017, by and among CE Star Holdings, LLC, a Delaware limited liability company, Old CE LiquidationCo LLC (formerly named Constellation Enterprises LLC), a Delaware limited liability company, Old M LiquidationCo, Inc. (formerly named Metal Technology Solutions, Inc.), a Delaware corporation, Old S LiquidationCo, Inc. (formerly named Steel Forming, Inc.), a Delaware corporation, Old E LiquidationCo Co. (formerly named Eclipse Manufacturing Co.), a Delaware corporation, Old J HoldCo Corporation (formerly named JFC Holding Corporation), a Delaware corporation, Old J LiquidationCo Corporation (formerly named The Jorgensen Forge Corporation), a Washington corporation, Old Z Holdco Corporation (formerly named Zero Corporation), a Delaware corporation, and Old Z LiquidationCo, Inc. (formerly named Zero Manufacturing, Inc.), a Delaware corporation and U.S. Bank National Association, a national banking association, as escrow agent*.

(d) <u>Defendant's Release</u>. Effective on the Settlement Effective Date, the Defendant shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Trustee and his professionals, the Debtors and the Debtors' estates from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Defendant has, may have or may claim to have against the Trustee, the Debtors and the Debtors' estates; <u>provided</u>, <u>however</u>, that Defendant's Release shall not include any release of its claims against the Debtors and the Debtors' estates of the claims asserted by Defendant in that certain proof of claim filed by Defendant on September 12, 2016 (as such claim may be supplemented or amended), which claim is listed as claim number 00288 in the amount of $2,875,420 on the official Claims Register filed on the Bankruptcy Court's docket (Document No. 1158) (the "<u>Proof of Claim</u>") in

the Debtors' cases; provided further, however, that the Trustee retains any and all existing defenses with respect to the Proof of Claim.

(e) Section 502(h) Claim Waiver. Defendant waives its right to file or assert any claim under section 502(h) of the Bankruptcy Code.

## RELIEF REQUESTED AND BASIS THEREFOR

12. By this Motion, the Trustee seeks entry of an Order, substantially in the form attached hereto, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement.

13. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order… that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a).

14. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id.*

15. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Bankruptcy Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont.

1995). However, "[c]ompromises are favored in bankruptcy" and courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Martin*, 91 F.3d. at 393-395.

16. To that end, a settlement should be approved if it falls above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

17. A review of the relevant factors and standards demonstrates that the Settlement Agreement should be approved. The Trustee and his professionals have invested time and effort in analyzing the Transfers made to Defendant. Similarly, the Trustee considered any defenses asserted and analyses provided by Defendant. The Defendant has asserted that some of the Transfers were never made to it (notwithstanding references to them in the Debtors' schedules filed in these cases) and that other of the Transfers are not subject to avoidance on various grounds. Based on his analysis of these assertions, the Trustee believes that any litigation over the Transfers would be time consuming and expensive.

18. In contrast, the Debtors' Estates stand to receive $310,000 through the settlement. This equates to approximately 70% of the amount sought in the Complaint – all without the need to engage in protracted and expensive litigation. As a result, the Trustee respectfully submits that the compromise reached is fair, reasonable, and in the best interest of the Estates and creditors. The settlement is founded on the exercise of the Trustee's sound business judgment, and is above the "lowest point in the range of reasonableness."

## NOTICE

19. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002; and (c) counsel to Defendant. Such notice is reasonable in light of the circumstances of these Chapter 7 Cases and the nature of the relief sought herein.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached Order granting the Trustee's Motion, approving the Settlement Agreement, and granting such other and further relief as the Court deems just and equitable.

Dated:  December 14, 2018               **ARCHER & GREINER, P.C.**

/s/ *Alan M. Root*
Alan M. Root (No. 5427)
S. Alexander Faris (No. 6278)
300 Delaware Ave., Suite 1100
Wilmington, DE  19801
Telephone:  (302) 777-4350
Facsimile:  (302) 777-4352
Email:  aroot@archerlaw.com

*Attorneys for the Chapter 7 Trustee*