# IN THE UNITED STATES BANKRUPTCY COURT
# OF THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CONSTELLATION ENTERPRISES LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 7<br><br>Case No. 16-11213 (CSS)<br>(Jointly Administered)<br><br>**Hearing Date: April 30, 2019 @ 10:00 a.m.**<br>**Objection Deadline: April 22, 2019 @ 4:00 p.m.** |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee for the estate of COLUMBUS STEEL CASTINGS COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>*See* Defendants listed on **Exhibit A**. | <br><br>Adv. Pro. No. *See* **Exhibit A.** |

## CHAPTER 7 TRUSTEE'S FOURTH OMNIBUS MOTION FOR AN ORDER APPROVING SETTLEMENTS OF AVOIDANCE ACTIONS PURSUANT TO FED. R. BANKR. P. 9019

David W. Carickhoff, Chapter 7 Trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors") hereby moves this Court for entry of an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are: Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995).

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On May 16, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. By Order entered May 18, 2016, these cases are being jointly administered.

5. On September 27, 2017, an Order was entered by the Court converting the Debtors' chapter 11 cases to cases under chapter 7, effective as of October 2, 2017.

6. The Trustee was subsequently appointed as chapter 7 trustee of the Debtors' Estates pursuant to section 701(a) of the Bankruptcy Code.

7. Pursuant to the *Declaration of Timothy B. Stallkamp in Support of Chapter 11 Petitions and First Day* Motions, the Debtors operated 4 separate businesses including a "Columbus Castings" business that was operated by Columbus Steel Castings Company (the "Columbus Castings Business").

8. During the course of the chapter 11 cases, the Debtors sold substantially all of their assets in two sale transactions. All of the Debtors' businesses (the "Going Concern Businesses") other than the Columbus Castings Business were sold as a going concern (the

"Going Concern Sale"). The Columbus Castings Business and its related assets were sold in a liquidation sale (the "Liquidation Sale").

9. As part of the Going Concern Sale almost all chapter 5 causes of action relating to the Going Concern Businesses were sold. However, chapter 5 causes of action against certain specified entities were carved out from the Going Concern Sale (the "Carved Out Causes of Action").

10. Unlike the Going Concern Sale, chapter 5 causes of action related to the Columbus Castings Business were not sold (the "Columbus Causes of Action" and collectively with the Carved Out Causes of Action, the "Retained Causes of Action"). The Retained Causes of Action remain with the Debtors' estates to be investigated, and, as appropriate, prosecuted or otherwise resolved by the Trustee.

11. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtors' financial books and records and investigated the Retained Causes of Action. After reviewing the Debtors' books and records, the Trustee identified a number of parties (the "Potential Defendants") who may have received avoidable transfers during the 90 days prior to the Petition Date (the "Preference Period") or, with respect to fraudulent transfers, within the applicable lookback period.

12. In September 2018, the Trustee commenced adversary proceedings against certain of the Potential Defendants (the "Avoidance Actions"). By the Avoidance Actions, the Trustee is seeking, *inter alia*, to avoid and recover, pursuant to Bankruptcy Code sections 547, 548 and 550 alleged preferential transfers made during the Preference Period and certain alleged fraudulent transfers.

13. The Trustee has previously filed, and the Court has approved, three omnibus 9019 motions, which approved settlements totaling $649,821.00. An additional 9019 motion, seeking approval of the Trustee's settlement with U.S. Bank, N.A. for $310,000 also was approved.

14. Subject to Bankruptcy Court approval, the Trustee has now settled the above-captioned Avoidance Actions with the defendants thereto (the "Settling Defendants"). The settlements with the Settling Defendants total $180,000.00.[2] The details of these settlements are summarized below.[3]

15. For the avoidance of doubt, the settlements described herein relate solely to the Retained Causes of Action. The Trustee is not pursuing, prosecuting, settling or otherwise resolving any causes of action previously sold in the chapter 11 cases.

## SETTLEMENT DETAILS

16. The Trustee and each of the Settling Defendants conducted negotiations concerning the demand made by the Trustee by way of complaint in the Avoidance Actions. The negotiations were conducted at arm's length and in good faith. The Settling Defendants asserted defenses which the Trustee has analyzed.

    **A.**    **C.P. Environmental, Inc. – (Adv. Pro. No. 18-50839)**

17. On September 26, 2018, the Trustee filed a complaint against C.P. Environmental, Inc. ("C.P. Environmental"), asserting, *inter alia*, that he is entitled to avoid and recover from

---

[2] Upon approval of this Motion, the settlement amounts with all settling parties to date will total $1,139,821.00. in the aggregate.

[3] For efficiency purposes, given the number and volume, the actual settlement agreements entered into with each Settling Party (the "Settlement Agreements") are not attached hereto. The terms of each Settlement Agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the applicable Settlement Agreement with each of the Settling Parties. In the event that there are any inconsistencies between this summary and the actual terms of any Settlement Agreement, the language in set forth in that Settlement Agreement shall control.

C.P. Environmental pursuant to Bankruptcy Code sections 547 and 550 for alleged preferential transfers made during the Preference Period in a total amount of not less than $26,889.30.

18. C.P. Environmental did not file an answer. On January 18, 2019, the Clerk of the Court entered the *Clerk's Entry of Default*. After the entry of default, C.P. Environmental contacted the Trustee in an attempt to resolve the matter.

19. C.P. Environmental asserted certain limited new value defenses. After analyzing the defenses raised by C.P. Environmental and considering the costs in proceeding with litigation, the parties resolved the matter such that C.P. Environmental will pay the Trustee $20,500 in settlement of the Avoidance Action. Additionally, C.P. Environmental will waive its right to assert a claim against the Debtors' Estates under 11 U.S.C. § 502(h)

**B.    Crane and Tractor Parts, LLC d/b/a Crane & Tractor Inc. (Adv. Pro. No. 18-50844)**

20. On September 26, 2018, the Trustee filed a complaint against Crane and Tractor Parts, LLC d/b/a Crane & Tractor Inc. ("Crane"), asserting, *inter alia*, that he is entitled to avoid and recover from Crane pursuant to Bankruptcy Code sections 547 and 550 for alleged preferential transfers made during the Preference Period in a total amount of not less than $22,700.

21. Crane raised substantial defenses and arguments, including, but not limited to, an ordinary course of business defense and new value defense. After analyzing the defenses raised by Crane, the parties resolved the matter such that Crane will pay the Trustee $7,500.00 in settlement of the Avoidance Action. Additionally, Crane will waive its right to assert a claim against the Debtors' Estates under 11 U.S.C. § 502(h).

### C. D.A. International Casting Co. (Adv. Pro. No. 18-50845)

22. On September 26, 2018, the Trustee filed a complaint against D.A. International Casting Co. ("D.A. International") asserting, *inter alia*, that he is entitled to avoid and recover from D.A. International pursuant to Bankruptcy Code sections 547 and 550 for alleged preferential transfers made during the Preference Period in a total amount of not less than $120,305.67.

23. D.A. International filed an answer and raised substantial defenses and arguments, including, but not limited to, an ordinary course of business defense and new value defense. After analyzing the defenses raised by D.A. International, the parties resolved the matter such that D.A. International will pay the Trustee $17,000.00 in settlement of the Avoidance Action. D.A. International did not waive its right to right to assert a claim under 11 U.S.C. § 502(h).

### D. IPFS Corporation d/b/a Imperial PFS d/b/a IPFS (Adv. Pro. No. 18-50849)

24. On September 26, 2018, the Trustee filed a complaint against IPFS Corporation d/b/a Imperial PFS d/b/a IPFS ("IPFS") asserting, *inter alia*, that he is entitled to avoid and recover from IPFS pursuant to Bankruptcy Code sections 548 and 550 for alleged constructive fraudulent transfers made during the year before the Petition Date in a total amount of not less than $542,625.77.

25. IPFS raised substantial defenses and arguments, including, but not limited to, providing reasonably equivalent value. After analyzing the defenses and arguments raised by IPFS, the parties resolved the matter such that IPFS will pay the Trustee $20,000.00 in settlement of the Avoidance Action. Additionally, the settlement agreement provides for general mutual releases, a waiver of IPFS' right to assert a claim against the Debtors' Estates under 11 U.S.C. § 502(h).

**E.     PSC Metals, LLC and PSC Metals, Inc. (Adv. Pro. No. 18-50859)**

26.    On September 26, 2018, the Trustee filed a complaint against PSC Metals, LLC and PSC Metals, Inc. (together, "PSC") asserting, *inter alia*, that he is entitled to avoid and recover from PSC pursuant to Bankruptcy Code sections 547 and 550 for alleged preferential transfers made during the Preference Period in a total amount of not less than $1,223,640.67.

27.    PSC raised substantial defenses and arguments, including, but not limited to, contemporaneous exchange and new value defenses, which it asserted provided a complete defense. After analyzing the defenses and arguments raised by PSC, the parties resolved the matter such that PSC will pay the Trustee $115,000.00 in settlement of the Avoidance Action. The settlement contains limited mutual releases (which releases include certain PSC affiliates) of claims related to the transfers and allegations set forth in complaint. Additionally, PSC will waive its right to assert a claim against the Debtors' Estates under 11 U.S.C. § 502(h).

**RELIEF REQUESTED**

28.    By this Motion, the Trustee seeks approval of the settlement agreements with each of the Settling Defendants as described herein.

29.    Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. Id. at 395.

30.    In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised

against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." Id. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy Court. In re Michael, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

31.   Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge…is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983); In re Planned Protective Servs., Inc., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); In re Blair, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994); In re Tech. for Energy Corp., 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

32.   A review of these four factors demonstrates that the settlements with each of the Settling Defendants should be approved. The Trustee and his professionals have invested time and effort in analyzing the transfers made to the Settling Defendants. Similarly, the Trustee considered any defenses asserted by the Settling Defendants and any analyses provided by the Settling Defendants.

33. The Trustee respectfully submits that the compromises reached with each of the Settling Defendants are fair, reasonable, and in the best interest of the Debtors' estates and creditors, especially in light of the substantial defenses raised by each of the Settling Defendants. The Trustee likewise believes the settlements and compromises are founded on the exercise of sound business judgment by the Trustee.

## NOTICE

34. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have requested notice in the chapter 7 cases pursuant to Bankruptcy Rule 2002; and (c) each of the Settling Defendants or their counsel. Such notice is reasonable in light of the circumstances of these chapter 7 cases and the nature of the relief sought herein.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enter the attached Order granting the Trustee's Motion approving the settlements with each of the Settling Parties and granting such other and further relief as the Court deems just and equitable.

Dated: March 20, 2019    **ARCHER & GREINER, P.C.**

    */s/ S. Alexander Faris*
Alan M. Root (No. 5427)
S. Alexander Faris (No. 6278)
300 Delaware Ave., Suite 1100
Wilmington, DE 19801
Telephone: (302) 777-4350
Facsimile: (302) 777-4352
Email: afaris@archerlaw.com

*Attorneys for the Chapter 7 Trustee*

216040967v2