**IN THE UNITED STATES BANKRUPTCY COURT**
**OF THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CONSTELLATION ENTERPRISES LLC, *et al.*,[1]  Debtors. | Case No. 16-11213 (CSS) (Jointly Administered)  **Hearing Date: October 15, 2019 @ 1:00 p.m.** **Objection Deadline: October 1, 2019 @ 4:00 p.m.** |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee for the estate of COLUMBUS STEEL CASTINGS COMPANY,  Plaintiff,  v.  ALLEN REFRACTORIES COMPANY,  Defendant. | Adv. Pro. No. 18-50834 (CSS) |

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING**
**SETTLEMENT OF AVOIDANCE ACTION AND JUDGMENT AGAINST**
**ALLEN REFRACTORIES COMPANY PURSUANT TO FED. R. BANKR. P. 9019**

David W. Carickhoff, Chapter 7 Trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors") hereby moves this Court for entry of an Order Approving Settlement of Avoidance Action and Judgment against Allen Refractories Company Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are:  Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995).

**JURISDICTION**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3.      On May 16, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      By Order entered May 18, 2016, these cases are being jointly administered.

5.      On September 27, 2017, an Order was entered by the Court converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, effective as of October 2, 2017.

6.      The Trustee was subsequently appointed as chapter 7 trustee of the Debtors' Estates pursuant to section 701(a) of the Bankruptcy Code.

7.      Pursuant to the *Declaration of Timothy B. Stallkamp in Support of Chapter 11 Petitions and First Day Motions*, the Debtors operated four separate businesses including a "Columbus Castings" business that was operated by Columbus Steel Castings Company (the "Columbus Castings Business").

8.      During the course of the chapter 11 cases, the Debtors sold substantially all of their assets in two sale transactions.  All of the Debtors' businesses (the "Going Concern Businesses") other than the Columbus Castings Business were sold as a going concern (the

"Going Concern Sale").  The Columbus Castings Business and its related assets were sold in a liquidation sale (the "Liquidation Sale").

9.	As part of the Going Concern Sale almost all chapter 5 causes of action relating to the Going Concern Businesses were sold.  However, chapter 5 causes of action against certain specified entities were carved out from the Going Concern Sale (the "Carved Out Causes of Action").

10.	Unlike the Going Concern Sale, chapter 5 causes of action related to the Columbus Castings Business were not sold (the "Columbus Causes of Action" and collectively with the Carved Out Causes of Action, the "Retained Causes of Action"). The Retained Causes of Action remain with the Debtors' estates to be investigated, and, as appropriate, prosecuted or otherwise resolved by the Trustee.

11.	In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtors' financial books and records and investigated the Retained Causes of Action.  After reviewing the Debtors' books and records, the Trustee identified a number of parties (the "Potential Defendants") who may have received avoidable transfers during the 90 days prior to the Petition Date (the "Preference Period") or, with respect to fraudulent transfers, within the applicable lookback period.

12.	In September 2018, the Trustee commenced adversary proceedings against certain of the Potential Defendants (the "Avoidance Actions").  By the Avoidance Actions, the Trustee sought, *inter alia*, to avoid and recover, pursuant to Bankruptcy Code sections 547, 548 and 550 alleged preferential transfers made during the Preference Period and certain alleged fraudulent transfers.

13.     The Trustee previously resolved all of the Avoidance Actions pending before the Court through settlement or entry of judgments.  Specifically, the Trustee has previously filed, and the Court has approved, five omnibus 9019 motions, which approved settlements that total $1,217,975.35.  An additional 9019 motion, seeking approval of the Trustee's settlement with U.S. Bank, N.A. for $310,000.00 also was approved.

14.     In addition, the Court entered judgments against certain of the defendants in the Avoidance Actions, including Allen Refractories Company ("<u>Allen Refractories</u>"),that had failed to answer the complaints filed against them.

15.     Subject to Bankruptcy Court approval, the Trustee has now entered into a written settlement agreement (the "<u>Settlement Agreement</u>") with Allen Refractories that will result in the recovery of $150,000.00 for the Debtor's estate.[2]  The details of the settlement is summarized below.[3]

## **SETTLEMENT DETAILS**

16.     On September 26, 2018, the Trustee filed a complaint against Allen Refractories, asserting, *inter alia*, that he is entitled to avoid and recover from Allen Refractories pursuant to Bankruptcy Code sections 547 and 550 for alleged preferential transfers made during the Preference Period in a total amount of not less than $199,125.56.

17.     Allen Refractories did not file an answer.  On February 5, 2019, the Clerk of the Court entered a judgment (the "<u>Judgment</u>") of default in the amount of $199,125.56 plus Court filing costs in the amount of $350.

---

[2] Upon approval of this Motion, the settlement amounts with all settling parties to date will total $1,677,975.35 in the aggregate.

[3] A copy of the Settlement Agreement is attached hereto as **<u>Exhibit A</u>**.  The terms of the Settlement Agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the Settlement Agreement. In the event that there are any inconsistencies between this summary and the actual terms of the Settlement Agreement, the language set forth in the Settlement Agreement shall control.

18.     On June 17, 2019, the Judgment was registered in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court") (Misc. Pro. No. 19-00403).  On June 27, 2019, the New York Bankruptcy Court issued a Writ of Execution to the United States Marshal ("Writ of Execution").   On or about July 22, 2019, Allen Refractories' bank received the Writ of Execution bank and placed a hold in the amount of $199,125.56 on the Defendant's account.

19.     After the hold of funds was placed, Allen Refractories contacted the Trustee in an attempt to resolve the matter.

20.     Allen Refractories has asserted that it would seek to vacate the judgment and would assert ordinary course and new value defenses.  After analyzing risks associated with continued litigation concerning the Judgment, the defenses Allen Refractories would assert if the Judgment was vacated, and considering the costs in proceeding with litigation, the parties resolved the matter such that Allen Refractories will pay the Trustee $150,000 in settlement and full satisfaction of the Judgment and a mutual release of any and all claims.  Additionally, Allen Refractories will waive its right to assert a claim against the Debtors' Estates under 11 U.S.C. § 502(h).

### **RELIEF REQUESTED**

21.     By this Motion, the Trustee seeks approval of the Settlement Agreement with Allen Refractories as described herein.

22.     Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir.

1996).  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision.  <u>Id</u>. at 395.

23.     In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal."  <u>Id</u>. at 393.  In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors."  <u>Id</u>.  Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy Court.  <u>In re Michael</u>, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

24.     Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness.  "[The] responsibility of the bankruptcy judge…is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness."  <u>In re W.T. Grant Co.</u>, 699 F.2d 599, 608 (2d Cir. 1983); <u>In re Planned Protective Servs., Inc.</u>, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); <u>In re Blair</u>, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement).  Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued.  Instead, the court should approve settlements that meet a minimal threshold of reasonableness.  <u>Nellis v. Shugrue</u>, 165 B.R. 115, 123 (S.D.N.Y. 1994); <u>In re Tech. for Energy Corp.</u>, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

25.     A review of these four factors demonstrates that the settlement with Allen Refractories should be approved.  The Trustee and his professionals have invested time and effort in analyzing the transfers made to Allen Refractories.  Similarly, the Trustee considered the defenses asserted by Allen Refractories and the risks associated with Allen Refractories seeking to vacate the Judgment and engaged in good faith, arms'-length negotiations with Allen Refractories.  The resultant settlement takes into account both asserted defenses, as well as the costs and benefits associated with engaging in time consuming, expensive and uncertain litigation.

26.     The Trustee respectfully submits that the compromise reached with Allen Refractories is fair, reasonable, and in the best interest of the Debtors' estates and creditors.  The Trustee likewise believes the settlement is founded on the exercise of his sound business judgment.

## NOTICE

27.     Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have requested notice in the chapter 7 cases pursuant to Bankruptcy Rule 2002; and (c) counsel for Allen Refractories.  Such notice is reasonable in light of the circumstances of these chapter 7 cases and the nature of the relief sought herein.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enter the attached Order granting the Trustee's Motion approving the settlement with Allen Refractories and granting such other and further relief as the Court deems just and equitable.

Dated:  September 10, 2019

**ARCHER & GREINER, P.C.**

_____*/s/ Alan M. Root*_____
Alan M. Root (No. 5427)
300 Delaware Ave., Suite 1100
Wilmington, DE  19801
Telephone:  (302) 777-4350
Facsimile:   (302) 777-4352
Email:  aroot@archerlaw.com

*Attorneys for the Chapter 7 Trustee*

216947704v1